### DOLLIVER v. AMERICAN SWAN BOAT CO.

(Supreme Court, Special Term, Kings County. August, 1900.)

ATTORNEY'S LIEN—PARTIES' SETTLEMENT BEFORE JUDGMENT—RIGHT TO CONTINUE CAUSE—EFFECT OF SETTLEMENT.

Code Civ. Proc. § 66, gives an attorney's lien on the client's cause of action, and provides that it shall attach to the client's judgment, and cannot be affected by any settlement between the parties before or after judgment. *Held,* that by an honest settlement between the parties before judgment the cause of action was extinguished, the effect of the statute being merely to continue the lien on the fund paid in settlement, and hence that plaintiff's attorney was not entitled to have the action continued to judgment against defendant to recover the amount of his fee, though, had the settlement been fraudulent as to the attorney, the rule would be otherwise.

Action by Albert H. Dolliver against the American Swan Boat Company. The case having been settled by the parties before judgment, H. Huffman Browne, plaintiff's attorney, petitions for leave to continue the action for his benefit to judgment against defendant. Petition denied.

H. H. Browne, for the petition.
Hirsh & Rasquin, opposed.

GAYNOR, J. This was an action to recover $3,000 for alleged services rendered. The answer put the claim in issue. The parties settled the action before trial without regard to their attorneys, and the plaintiff gave a release. The terms of the settlement were that the defendant should employ the plaintiff for 18 months at $17 a week.

And now the plaintiff's attorney repudiates the settlement, and asks for leave to go on with the action in order to get judgment against the defendant on the cause of action to the extent of his compensation.

The settlement was not a collusive and fraudulent one by the parties against the attorney for the plaintiff, i. e. to prevent him from getting his compensation out of the cause of action; nor is it claimed to have been. On the contrary, it was an honest settlement. It follows that the application must be denied. The parties to an action have the absolute right to settle the action without regard to the advice or wishes of their attorneys. And the lien of the attorney is subject to this right. Such lien does not permit him to prevent the parties from honestly settling their dispute. Such right of the parties to settle is not subject to the attorney's lien, but such lien is subject to it. It will not be questioned that the parties always had this right of settlement. "It is certainly a general rule that parties to an action may settle the same without the intervention of the attorneys." Coughlin v. Railroad Co., 71 N. Y. 447. But it seems to be questioned whether this is now so, because of the amendment of the year 1879 to section 66 of the Code of Civil Procedure giving attorneys a lien on the cause of action, viz.:

"From the commencement of an action or special proceeding, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, decision, judgment or final order in his client's favor, and the proceeds thereof in whosesoever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment or final order."

This statute giving the attorney a lien on the cause of action itself (which he never had before), and providing that such lien "cannot be affected by any settlement between the parties before or after judgment," has not the effect claimed, i. e. it does not prevent the parties from making a complete settlement of the action without the consent of their attorneys. This has been recently decided by the court of appeals in Peri v. Railroad Co., 152 N. Y. 521, 46 N. E. 849, where in answer to such contrary suggestion the court explicitly said:

"This criticism overlooks the fact that the existence of the lien does not permit the plaintiff's attorney to stand in the way of a settlement. The client is still competent to decide whether he will continue the litigation, or agree with his adversary in the way."

To say that the client may settle, and that "the lien does not permit the plaintiff's attorney to stand in the way of a settlement" by the client, and then to say that the attorney may repudiate the settlement, and go on harassing the defendant with the action as a speculation for his own benefit, would be a contradiction both in substance and in terms; and would besides seem to reduce the profession to the condition of common barrators. The rule is now, as it always has been under the dictate of a wise public policy, i. e. that the parties to an action not only have the absolute right to make an "honest" settlement of the action without regard to their attorneys, but are encouraged by the law to do so. The lien on the cause of action does not prevent a settlement. But it still continues in force and is not affected as a

lien, and is carried along by the settlement to the sum or value agreed upon in settlement, the same as it is carried to the judgment if there be one. This is all that is meant by the provision that the lien cannot be affected by a settlement.

Whatever misunderstanding there be on this subject seems to grow out of the other rule, that if the parties make a collusive or fraudulent settlement for the purpose of cheating an attorney out of his costs or compensation, then the court will, if the attorney cannot get justice otherwise, set aside the satisfaction of the judgment, or permit the attorney to enter judgment, or (under the present extension of the rule in this state) continue the action for his own benefit, if a judgment, or the time for entering judgment, has not been reached. Let it be noted again that this rule exists only in cases of such "collusive and fraudulent" settlements against attorneys. It has no existence in respect of "honest" settlements. We got the rule from England and enlarged it. There (as here formerly) the attorney had no lien until judgment. He had a lien by common law on the judgment only, and for his costs only, which were regulated by the fee bill and taxed. If the parties collusively settled just before judgment (i. e. before his lien came into existence) for the fraudulent purpose of preventing the plaintiff's attorney from getting a lien for his costs by means of a judgment, and of cheating him out of them, the plaintiff being irresponsible, then the court would permit the attorney to enter judgment so as to frustrate the fraud. Swain v. Senate, 2 Bos. & P. 99; Chapman v. Haw, 1 Taunt. 341; Cole v. Bennett, 6 Price, 15. But if the settlement was bona fide, and not fraudulent and collusive against the attorney, his application to enter judgment was denied. Welsh v. Hole, 1 Doug. 237; Marr v. Smith, 4 Barn. & Ald. 466. The rule was extended with us to embrace the compensation agreed upon by attorney and client, after such agreements were permitted by our first Code of Procedure. The rule is stated in the Coughlin Case, supra, i. e. that "since the time of Lord Mansfield it has been the practice of courts to intervene to protect attorneys against settlements made to cheat them out of their costs. If an attorney has commenced an action, and his client settles it with the opposite party before judgment, collusively, to deprive him of his costs, the court will permit the attorney to go on with the suit for the purpose of collecting his costs." Page 447. And the court of appeals has always been careful to state the rule as being applicable to such fraudulent and collusive settlements only, and not to honest settlements; and in the Peri Case, supra, it explicitly said that the attorney's lien on the cause of action (which has existed by statute since 1879) cannot stand in the way of settlements by the parties, i. e. of "honest" settlements. Fraud of course taints everything, and to frustrate it all ordinary rules give way.

I am cited to the case of Pilkington v. Railroad Co., 49 App. Div. 22, 63 N. Y. Supp. 211, but there is nothing in it contrary to the foregoing decisions of our highest court, as seems to be supposed. There, as part of the settlement between the parties, the defendant agreed in writing with the plaintiff to pay the plaintiff's attorney any claim for costs and compensation for which he might have a lien. The court

at special term on motion of the attorney summarily fixed the amount, and ordered that it be paid by the defendant. The appellate division held that this could not be done; that the defendant was entitled to a trial of the matter; that the summary method provided for by the last sentence in section 66 of the Code applied only between attorney and client; and that the attorney should have brought a suit instead of a motion. If it also held that the attorney could continue the original action for his own benefit, it no doubt did so on the theory that the settlement was collusive and fraudulent, to cheat him, and that the fund paid to his client was insufficient to satisfy his lien, or could not be reached for that purpose, and that such client was insolvent; for such is the established rule, the defendant standing only in the position of surety toward the plaintiff's attorney in respect of his compensation and his lien therefor. Lee v. Oil Co., 126 N. Y. 579, 27 N. E. 1018; Poole v. Belcha, 131 N. Y. 200, 30 N. E. 53; Peri v. Railroad Co., 152 N. Y. 521, 46 N. E. 849.

The remedy of the plaintiff's attorney here is to begin a suit to foreclose his lien, just as though it were a mechanic's lien, or any other lien; making the plaintiff and the defendant parties defendant. Zimmer v. Railway Co., 65 N. Y. Supp. 977. Their settlement did not destroy his lien. It continued upon the amount or value of the settlement. That is the meaning of the provision in section 66 of the Code already quoted, that such lien "cannot be affected by any settlement between the parties before or after judgment or final order." And it was not necessary that he should have served any notice of his lien; the statute is in and of itself such notice. Peri's Case, supra. In such suit he will get an absolute judgment against his client for the amount he is entitled to, and an alternative judgment against the other defendant that it pay the amount covered by the lien if such amount be not collectible out of the client. Nor is there any practical difficulty beyond what is encountered in other suits every day, about fixing such amount covered by the lien. The attorney had a lien on the cause of action; the cause of action was honestly settled by the parties; by such settlement the cause of action merged or terminated in the amount or value of the consideration agreed upon in settlement, and thus became determined and fixed; and to that amount or value the lien now attaches. If there were no such amount or value, but a settlement for nothing, the lien would be extinct.

The application is denied.