Sigismund S. Goldwater, as Commissioner of Hospitals of City of New York, Plaintiff, v. Meyer Mendelson and Red Cab Mutual Casualty Co., Inc., Defendants.

Municipal Court of New York, Borough of Manhattan, Tenth District, December 29, 1938.

*William C. Chanler, Corporation Counsel [Eardlie John of counsel], for the plaintiff.*

*John A. Mullen, for the defendants.*

Winter, J. The plaintiff is suing to recover from the defendants the expenses of hospitalization which the Fordham Hospital rendered to an infant injured by the negligence of the defendant Mendelson. The defendant Red Cab Mutual Casualty Co., Inc., is an insurance carrier which has insured the defendant Mendelson against his liability for the infant's injuries. Plaintiff has duly served and filed notices of his " lien " upon both of the defendants. In the face of this notice the defendants settled the infant's claim for $450 by paying $300 to the infant's guardian and $150 to his attorney, under the terms of an order of the City Court of the City of New York.

Plaintiff's claim here arises out of section 189 of the Lien Law of the State of New York, being chapter 534 of the Laws of 1936. The construction of that act and the jurisdiction of this court in connection therewith are brought into question in this action. Defendants contend that this is an action to enforce a lien over which this court has not been given jurisdiction by section 6 of the Municipal Court Code, and also that the act does not apply here because " the amount paid to the injured person * * * in settlement or compromise is three hundred dollars or less." (Lien Law, § 189, subd. 6.)

In my opinion neither of these contentions is valid.

As to the first of defendants' contentions, I think that the plaintiff's cause of action, although it is dubbed " an enforcement of a lien," is merely an action to recover an involuntary debt, which the statute has created in favor of this plaintiff.

A common-law lien is the right to retain possession of personal property belonging to another until some debt due on or secured by such property is paid or satisfied. (*Jordan* v. *National Shoe & Leather Bank*, 74 N. Y. 467, 473.) That right is lost by the surrender of possession. (*McFarland* v. *Wheeler*, 26 Wend. 467; *Danzer* v. *Nathan*, 145 App. Div. 448.) The lien was enforced by an action on the debt and an execution against the property. Statutes have extended these rights to chattels out of the creditors' possession by providing for the filing of notices of liens, conditional bills of sale and chattel mortgages, and for the foreclosure of these liens, including the recapture of the chattel and its sale to apply upon the debt. Such an action has been created by sections 70 to 74 of the Municipal Court Code, and is an action at law upon contract. Section 6 of the Municipal Court Code has given this court jurisdiction of that action.

A suit in equity to enforce a lien lies where the lienee has no adequate remedy at law, ordinarily where the security is presently not in existence, or it or its proceeds are in the hands of a third party and can be reached only by the application of equitable maxims. (*Deeley* v. *Dwight*, 132 N. Y. 59; *Hovey* v. *Elliot*, 118 id. 124; *Lighthouse* v. *Third Nat. Bank*, 162 id. 336; *Fischer-Hansen* v. *Brooklyn Heights R. R. Co.*, 173 id. 492.) Such a case is one where the defendants in an action settle with an insolvent plaintiff without the consent of the latter's attorney, who has thereby been deprived of the right to look to the proceeds of his client's claim for his fees. To cover this situation the statutes of this State have given the attorney a " lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, decision or

final order in his client's favor, and the proceeds thereof in whosesoever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment or final order." (Judiciary Law, § 475.) An action brought by an attorney under this statute to enforce such a lien against the defendant in an action who has settled it behind the attorney's back, it has been held, is an equitable action. (*Fischer-Hansen* v. *Brooklyn Heights R. R. Co.*, 173 N. Y. 492.) However, as Judge GAYNOR has said in *Zimmer* v. *Metropolitan Street R. Co.* (32 Misc. 262): "It seems to be quite lost sight of now a days that a plaintiff's attorney can hold the defendant liable under his lien on the cause of action or on the judgment only when his client is irresponsible, and he cannot get the amount due him. A defendant stands only as surety in relation to the plaintiff's attorney under his lien. When his client is sufficiently solvent to pay him, or when, if there be a fund as a result of the litigation, he can enforce his compensation therefrom, the plaintiff's attorney cannot maintain an action or proceeding against the defendant to make him liable under his lien." (See, also, *Dolliver* v. *American Swan Boat Co.*, 32 Misc. 264.)

Section 189 of the Lien Law creates a lien in favor of hospitals, just as the Judiciary Law does for attorneys, against defendants or other persons who settle and pay claims without providing for these liens. There, however, the analogy stops. Except for a petition to the Supreme Court, the Judiciary Law is silent as to the remedy of the lienee and leaves him to the procedure followed in *Fischer-Hansen* v. *Brooklyn Heights R. R. Co.* (*supra*). Of neither that action nor of the remedy by way of petition has this court jurisdiction. (*Duringshoff* v. *Coates & Co.*, 93 Misc. 485.) As to hospital charges, on the contrary, probably having in mind the peculiar adaptability of this court for handling such claims, the Legislature has specified a plain remedy for enforcing such liens, or claims. Thus section 189, subdivision 3, reads: "After the filing of the notice and the mailing of the copy and statement as herein provided, no release of any judgment, claim, or demand by such injured person shall be valid or effective against such lien, and the person or persons or corporation making any payment to such injured person or his legal representative for the injury sustained shall for a period of one year from the date of such payment as aforesaid remain liable to such hospital for the amount of its reasonable charges as aforesaid due at the time of such payment, to the extent of the full and true consideration paid or given to the injured person or his legal representative, less the amount

of any other liens or claims against such moneys superior to such hospital lien, and any such corporation or other institution or body maintaining such hospital may within such period enforce its lien by a suit at law against such person or persons * * * making any such payment or gift."

On the facts here, the statute has thus fastened a naked liability upon both of these defendants to pay to the plaintiff his charges for caring for the injured infant. No equities are involved here, nor are any equitable maxims called for. No funds are sought to be reached in the hands of third persons, nor are any trusts created by operation of law. Furthermore, the insolvency of the plaintiff's creditor is immaterial here, and no property is to be or can be impounded to apply on account of the principal's debt. The statute simply makes both defendants unconditionally liable to this plaintiff for a period of one year to the extent of the moneys paid by them to the injured infant or his guardian *ad litem*, in settlement of his claim, less the amount of any other liens or claims superior to the plaintiff's. And, finally, it provides that plaintiff's lien is to be enforced by " a suit at law " against these defendants.

Although the Legislature has described the remedy thus afforded the plaintiff " an enforcement of its lien," still it has created nothing more than an action at law to recover on " an obligation to pay money imposed by a statute." The use of that nomenclature adds nothing to and its omission would detract less from the essentials of this action.

The suit at law authorized by the statute is one on an implied contract or quasi contract. Of this the Municipal Court has jurisdiction, under section 6 of the Municipal Court Code. (*Pache* v. *Oppenheim*, 93 App. Div. 221; *Weilar* v. *Watsky*, 94 Misc. 296; *Halkin* v. *Hume*, 123 id. 815; *Horowitz* v. *Winter*, 129 id. 814.)

As to defendants' second contention, it seems to me that plaintiff's cause of action is not affected by the form under which the defendants made their payment to the injured person in settlement of his claim. The statute says with respect to this: " The lien of any such hospital under the provisions of this section shall not apply * * * in case the amount paid to the injured person or his representative in the event of death in settlement or compromise is three hundred dollars or less."

The amount paid to the injured person here in settlement was the sum of $450 and not $300. The City Court in fixing the fee of the attorney and allocating it to him out of the amount of the settlement, took notice of his attorney's lien and his right to the possession of the proceeds of the settlement to that extent and

ordered it to be handed over to him direct instead of through the medium of his client. Although this was not a manual or physical delivery to the client of the check or the funds which it represented, nevertheless, it was a legal payment to him of what the insurance carrier had agreed to pay him in settlement of his claim and completely extinguished that claim. Very properly, therefore, the release given by the injured party to the defendants acknowledges receipt by him of the sum of $450. (*Fischer-Hansen* v. *Brooklyn Heights R. R. Co., supra.*)

Furthermore, the exclusion of settlement payments of $300 or less from the operation of the statute obviously applies only in the event of death of the injured party. There is no evidence in the record here submitted that the infant died from his injuries. On the contrary, it would appear that at the time of the settlement he was actively functioning through a guardian *ad litem* instead of an administrator.

The plaintiff is entitled to a judgment for the amount of his claim against both of the defendants.