BERTHA ROOKUS, Plaintiff, *v.* EDWIN JANOWSKI, Defendant.

Supreme Court, Monroe County, February 7, 1942.

*William L. Clay,* for the plaintiff.

*Ray Fowler,* for the defendant.

CRIBB, J.   This is a motion for an order determining as to whom shall be paid the sum of $140, which is the amount of the compromise and settlement of the above-entitled action.

It appears that when the case was reached for trial the parties agreed upon a compromise and settlement whereby the plaintiff would pay to the defendant $140, and that such sum is now in the hands of defendant's attorney to be used by him in completing the terms of the agreement.   Prior to the time when plaintiff and defendant reached this agreement, the Genesee Hospital of Rochester, N. Y., served the defendant with a notice of lien in the sum of $191.85 for hospitalization furnished the plaintiff at the time of her injuries.   The attorney for the plaintiff claims a first lien on the proceeds of the settlement in the amount of $51.67 representing his contingent fee of one-third of any amount recovered and " costs and disbursements."   The plaintiff offers no objection to the payment of such amount to her attorney, but refuses to sign a release to the defendant unless she receives one-half of the balance remaining after payment to her attorney of $51.67 which would be $44.16.   The hospital declines to accept only $44.17.   Under these facts it does not appear that the compromise and settlement has been effectuated, because, although the defendant's attorney holds, and is ready to pay over the $140, the plaintiff refuses to execute a release unless she receives $44.16 despite the lien of the hospital for $191.85.

However, the question seems to be whether the hospital is legally entitled to a lien on the moneys involved, and we will pass on that point. The hospital claims its lien under section 189 of the Lien Law. Subdivision 6 of that section reads as follows: " The lien of any such hospital under the provisions of this section shall not apply to any award or settlement made pursuant to the Workmen's Compensation Law of this State, nor to the proceeds of any such award or settlement, in respect to the injury for which a lien is filed, nor in case the amount paid to the injured person or his representative in the event of death in settlement or compromise is three hundred dollars or less."

This provision indicates to me that in every case where the amount recovered, whether by action or compromise, is $300 or less, no hospital lien may attach. I am not unmindful of the case of *Goldwater* v. *Mendelson* (170 Misc. 422) wherein the court said the " exclusion of settlement payments of $300 or less from the operation of the statute obviously applies only in the event of death of the injured party." I cannot follow this reasoning. The statute quoted provides that hospital liens under the provisions of the section shall not apply to any award or settlement " in case the amount paid *to the injured person* or his representative in the event of death in settlement or compromise is three hundred dollars or less." (Italics mine.) If the intent was to limit this exception to death cases only, the words " to the injured person " would not have been used.

It follows that the Genesee Hospital has no lien on the funds involved. If the plaintiff, after settling with her attorney, desires to pay $44.17 or any other amount to the hospital, that is her voluntary act.

Let an order enter accordingly.