In the Matter of the Estate of Bennie Walton, Deceased. United States of America, Appellant; Ray E. Trussell, as Commissioner of Hospitals of the City of New York, Respondent.

First Department, February 20, 1964.

*Anthony J. D'Auria* of counsel (*Robert E. Kushner* with him on the brief; *Robert M. Morgenthau, United States Attorney*), for appellant.

*Alfred Weinstein* of counsel (*Seymour B. Quel* and *Abraham V. Cuba* with him on the brief; *Leo A. Larkin, Corporation Counsel*), for respondent.

Stevens, J. This is an appeal from a decree of the Surrogate which awarded the balance of the proceeds of a compromised personal injury action to the respondent herein.

On March 20, 1958, one Bennie Walton sustained personal injuries when he was struck by a motor vehicle. He was taken to Harlem Hospital, received treatment, and subsequently a bill for $2,158 for services rendered. Walton died March 23, 1960, at which time the bill had not been paid.

An action, begun during his lifetime to recover damages for injuries suffered in the accident, was compromised by his administratrix by leave of the court. We are here concerned with the balance which remained after payment of funeral and administration expenses and counsel fees. This sum amounting to $1,951.15 constituted the sole asset of Walton's estate, and is claimed by both appellant and respondent by virtue of their respective liens.

The Surrogate concluded the right of action possessed by decedent at the time of death was not property, and the lien of the Department of Hospitals was superior to that of the Federal Government. Accordingly the money should be paid to respondent.

The Department of Hospitals rested its claim upon the provisions of section 189 of the Lien Law. That section provides, in part, there shall be a lien upon all rights of action, suits, etc., of any person receiving emergency or in-patient treatment for injuries wrongfully received, and the lien shall attach to any moneys received by suit, settlement or compromise. "The lien of the hospital is for the amount of its reasonable charges for treatment, care and maintenance, at cost rates." (N. Y. Legis. Doc., 1950, No. 65[B]; 1950 Report of N. Y. Law Rev. Comm., p. 54.) It is agreed respondent had taken all steps necessary under section 189 with respect to its lien. The respondent's lien is purely statutory (*O'Connor* v. *Higgins,* 82 N. Y. S. 2d 39). The lien of appellant arises also by reason of statute. Under the applicable Federal law it is provided if any person liable for taxes, neglects or refuses to pay such tax after demand, the amount, including interest, penalties, etc., " shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." Such lien (as here applicable) " shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed is satisfied or becomes unenforceable by reason of lapse of time " (U. S. Code, tit. 26, §§ 6321, 6322).

A lien is nothing more than " A charge or security or incumbrance upon property" (Black's Law Dictionary [4th ed.], p. 1072).

The assessment for unpaid income taxes was made upon decedent July 6, 1956, in the amount of $921.82. A notice of lien for the amount was duly filed March 4, 1958 (Lien Law, § 240). As of May, 1960, the amount of the lien was $1,190.36.

The earliest date at which respondent's lien could arise would be the date treatment was first received by Walton, that is, March 20, 1958.

The question before us is—which lien has priority? Resolution of this question depends in part upon the nature of a right of action. Is it personal property to which a lien may attach, or can the lien attach only to the proceeds, the fruit of the right of action?

If a right of action be property, such property is created at the moment of wrongful impact with consequential injuries. The Federal lien would attach immediately though the extent of satisfaction must await the amount of recovery, less authorized reductions or recognized priorities. It would thus be first in time because the hospital lien could not arise unless and until the injured party was admitted to the hospital within one week of the injury and some service rendered (Lien Law, § 189). For such lien to be effective notice must be given to the party allegedly responsible (Lien Law, § 189, subd. 1) and the lien filed in the office of the County Clerk.

One of the characteristics of property, speaking generally, is that it may be freely sold or transferred. Respondent points out that under New York law a claim or right of action to recover damages for a personal injury may not be transferred (Personal Property Law, § 41, subd. 1). That fact is not determinative. The statutory provision does not necessarily affect or determine the underlying nature of a right of action. Despite the language of absolute prohibition in section 41 (subd. 1, par. [1]), wherever there is specific statutory authority, the claim is assignable (Workmen's Compensation Law, § 29; *General Acc. Fire & Life Assur. Corp.* v. *Zerbe Constr. Co.*, 269 N. Y. 227; cf. *Juba* v. *General Bldrs. Supply Corp.*, 7 N Y 2d 48; Judiciary Law, § 475, attorney's lien whereby he acquires a vested property right; Fair Labor Standards Act, U. S. Code, tit. 29, § 216, subd. [b]; 6 C. J. S., Assignments, § 33). In law, the existence of the proceeds is only potential, but equity can treat them as realized when the circumstances so warrant.

The reason for the prohibition of transfers of rights of action for damages for personal injuries is not because such rights are not property for they are choses in action and personal property (*Matter of City of New York [U. S. A.—Coblentz]*, 5 N Y 2d 300, 308, cert. den. 363 U. S. 841; Black's Law Dictionary [4th ed.]). The reason is grounded in public policy, perhaps involving to some extent the ancient views on champerty and maintenance (see *Sedgwick* v. *Stanton*, 14 N. Y. 289, 295), the evil of permitting splitting of causes of action or the fact that, until otherwise provided by law, the right died with

the injured party. Possibly the common-law view as now reinforced by statute is a combination of all three.

Walton's income taxes became due at the time he was required to file his return, and the lien arose when the assessment was filed. Such lien is a continuing one and "covers property or rights to property in the delinquent's hands at any time prior to expiration" of the lien (*Glass City Bank* v. *United States,* 326 U. S. 265, 267). In the *Glass* case the lien attached to a debt owed the tax delinquent (cf. *Matter of Rosenberg,* 269 N. Y. 247).

In *United States* v. *Bess* (357 U. S. 51) the insured under a policy of insurance, retained the right to draw down or borrow against the cash surrender value of the policy or to assign the policy. Under New Jersey law the cash surrender value was considered property or a right to property. When the assured died the Government sought, in equity, to recover from the beneficiary of the life policies the amount of income taxes owed by decedent at the time of his death. Recovery was allowed to the extent of the cash surrender value, which value was considered an asset to which the lien attached.

New York law recognizes a right of action as property or a right to property (*Matter of City of New York [U. S. A.—Coblentz], supra).* It is not essential that the property be reduced to actual physical possession of the tax delinquent (*United States* v. *Bess, supra; Glass City Bank* v. *United States, supra*) or that it be fixed in amount or that the delinquent have legal title when the lien attaches (cf. *Matter of Rosenberg, supra*). The power of Congress to levy and collect taxes cannot be interfered with by the State once the State has declared what is property and has not specifically created exemptions which are thereafter recognized and adopted by Federal statutory or decisional law. (*Matter of Rosenberg, supra.*)

In *Seaboard Sur. Co.* v. *United States* (306 F. 2d 855, 859–860) a perfected Federal tax lien attached immediately to the property rights of a taxpayer under a contract subsequently awarded and before the money was earned. It was there stated "The tax liens were subject only to a prior, choate lien upon these rights." (Cf. *Hammes* v. *Tucson Newspapers,* 324 F. 2d 101.)

A lien becomes choate "'when the identity of the lienor, the property subject to the lien, and the amount of the lien are established.'" (*United States* v. *Pioneer Amer. Ins. Co.,* 374 U. S. 84, 89.) Choate State-created liens take priority over

later Federal tax liens (*United States* v. *New Britain*, 347 U. S. 81, 86) while inchoate liens do not. The hospital lien by that test was inchoate.

*Aquilino* v. *United States of America* (10 N Y 2d 271) may be distinguished. By statute the funds received by a contractor from an owner for the improvement of real property constituted trust funds to be applied first for payment of claims of subcontractors, laborers and materialmen, arising out of the improvement. The contractor was determined to be merely a trustee and his beneficial interest extended only to the excess remaining, if any, after such claims are paid (p. 282). Section 189 of the Lien Law does not declare a trust for the benefit of the hospital.

Walton's right of action survived his death (see Decedent Estate Law, §§ 118, 119, 130). The settlement here, however, was the settlement of a claim for personal injuries, not for wrongful death. In the application of the Federal revenue act "state law controls in determining the nature of the legal interest which the taxpayer had in the property* * * sought to be reached by the statute" (*Aquilino* v. *United States*, 363 U. S. 509, 513). The Federal lien law "creates no property rights but merely attaches consequences, federally defined, to rights created under state law" (*United States* v. *Bess*, 357 U. S. 51, 55).

Since New York recognizes a right of action as property, the Government's lien, having been duly assessed and filed, became choate upon the occurrence of the accident. It was thus first in time to that of the hospital which subsequently became choate. Being the first in time, under the circumstances here present it became first in right.

We find and conclude that decedent had a property interest in his right of action to which the Federal lien could and did attach. Nor is the hospital lien exempt from priority of the Federal lien (U. S. Code, tit. 31, § 191). The order and decree appealed from should be reversed on the law, with costs, the order and decree vacated, and the Federal lien held entitled to priority.

Rabin, J. P., McNally, Eager and Steuer, JJ., concur.

Order and decree unanimously reversed on the law, with costs to appellant, the order and decree vacated and the Federal lien held entitled to priority. Settle order on notice.