Morris E. Spector, J.
This is a motion to confirm the report of a Special Referee. Heretofore the matters of the amount of various liens and the priority of such were referred to him to hear and report, together with his recommendations. Pending his report, determination of the motion was held in abeyance.
The following is a copy of his report.
TO THE SUPREME COURT, NEW YORK COUNTY, SPECIAL TERM, PART I:
By order dated July 21, 1964 (the issue as to the .amounts and priority of the various liens herein were referred to me .to hear and report with recommendations.
A hearing was held on November 25, 1964. Transcription of the minutes were waived.
Claims of three lienors are asserted ¡herein as follows:
(a) Attorney for the plaintiff.........................$793.50;
(ib) Roosevelt Hospital ...............................$846.53;
(c) Millinery Health Fund............................$641.00.
Amounts — The ¡attorney’s lien is established in the record herein and amounts to $793.50 as claimed.
The lien of Roosevelt Hospital filed pursuant to section 189 of the Lien Law has been established herein to be $846.53 as claimed.
The Millinery Health Fund has asserted a lien pursuant to section 227 of the Workmen’s (Compensation Law for recovery of disability benefits paid pursuant to article 9 of that law. There is no doubt that this claimant is entitled to assert such a lien. It is noted, however, that of the amount asserted $113 represents a payment for hospital benefits. This is completely outside the coverage of article 9 of the Workmen’s Compensation Law which is applicable only to periodic disability benefit payments. The Men is of the Millinery Health Fund and is therefore reported to be $528.
Priorities. There is no doubt that both by legislative fiat and prevailing common-law principles the attorney’s lien herein has priority over the others (Lien Law, .§ 189, stibd. 7; Workmen’s Compensation Law, § 227, sufod. 1; 35 N. Y. Jur., Liens, § 37).
*893 With respect to the other claimants, the priority of liens is generally determinable according to the time the liens accrued. (35 N. Y. Jur., Liens, § 36.) In the instant case, it appears that except for out-patient service which amounted to $12, the services rendered iby the hospital were completed on June 8, 1961 before any ehoate right was invested in the compensation carrier. Accordingly, it is respectfully reported that except for $12, the hospital lien should be afforded priority over the compensation lien. In making this recommendation, I am cognizant of the language of section 189 of the Lien Law which states that “No sutih lien shall he effective, however, unless a written notice * * '* shall prior to the payment of any moneys * * * be mailed * * * to the person or persons, firm or firms, corporation or corporations, alleged to be liable to the injured party”; and that the notice of lien herein is dated December 19, 1961, considerably after the payments made by the carrier.
It is submitted that taken in proper context, the quoted language relates only to the enforeibility of the lien should proper required notice not be given. It does not fix priority as of the time of notice, nor does it even provide that the lien is created as of that date. Section 189 creates a lien on an action for hospital services, and then proceeds to set up ritualistic requirements for the effective enforcement of “ such lien ”. The lien, therefore, existed prior to the notice given. The fact that timely notice was given placed the hospital in position merely to enforce its already existing lien.
Dated: Jan 27 1965
Respectfully submitted,
GERALD MAZUR
Special Referee
With such report and recommendation this court is in accord. Therefore, the motion is granted.