**UNITED STATES of America, Plaintiff,**

v.

**James J. HAGE et al., Defendants.**

**No. 75–CV–109.**

United States District Court,
N. D. New York.

May 14, 1976.

James M. Sullivan, Jr., by John Dibianco, U. S. Atty., Syracuse, N. Y., for plaintiff.

Michael E. Getnick of Lockwood & Lockwood, Utica, N. Y., for defendant The Faxton Hospital.

## FINDINGS AND CONCLUSIONS

BRIEANT, District Judge.*

By this action filed March 3, 1975, the United States of America sought to assert priority of and foreclose various federal tax liens upon a fund then held by defendant James J. Hage, an attorney. The fund arose out of the settlement of a state court action for personal injuries brought by Mr. Hage for his client, Dorothy Ratcliffe, the taxpayer-debtor, against the Rockford Auto Service Company, based on claims of negligence.

This Court has subject matter jurisdiction pursuant to 26 U.S.C. §·7402 and 28 U.S.C. §§ 1340 and 1345. The case was tried without a jury on March 25, 1976.

The contest has been narrowed down to two parties, plaintiff and defendant The Faxton Hospital. Priority of lien is the sole issue.

On December 12, 1975, the Clerk of the Court noted the default of defendants Dorothy Ratcliffe and The Children's Hospital and Rehabilitation Center of Utica, for failing to answer or otherwise plead to the complaint. By a stipulation dated January 12, 1976, the original fund of $7,000.00 had been reduced to $4,616.67 and accrued inter-

* Of the Southern District of New York, sitting by designation.

est, if any. The remaining parties consented to the payment of $2,383.33 to Mr. Hage to satisfy his prior lien for legal services and disbursements in connection with the personal injury action. Pursuant to this stipulation, Mr. Hage deposited the balance of $4,616.67 with the Clerk of the Court and was dismissed from the action. Plaintiff claims taxes, interest and penalties totalling $6,455.77, which exceed the balance in the fund.

The Faxton Hospital claims a lien on the fund pursuant to New York Lien Law, § 189, which, it contends, is entitled to priority over the tax lien of the United States.

New York Lien Law § 189 provides in relevant part that a hospital shall

". . . have a lien upon any and all rights of action, suits, claims, counterclaims or demands, of any nature whatsoever, of any person receiving emergency treatment or admitted to any such hospital and receiving treatment, care and maintenance therein, on account of any personal injuries received within a period of one week prior to receiving emergency treatment or admission to the hospital and as the result of the negligence . . . of any other person or persons or corporation, which any such injured person, . . . may or shall have, assert or maintain against any such other person or corporation for damages on account of such injuries, for the amount of the reasonable charges of such hospital, for the treatment, care and maintenance of such injured person at cost rates in such hospital."

Dorothy Ratcliffe was injured in an auto accident on December 6, 1971, and admitted to The Faxton Hospital on the same day to be treated for those injuries. She was discharged from the hospital on January 7, 1972, owing $1,750.65 for the treatment she had received. On February 24, 1972 she was readmitted and then finally discharged on March 1, 1972, owing an additional $471.65.

On July 26, 1972 The Faxton Hospital filed a Notice of Lien against Dorothy Ratcliffe with the County Clerk of Oneida County, New York in the amount of $1,750.65. On October 25, 1972 it filed an additional Notice of Lien for $471.65. Thus the total amount of the liens which the hospital claims against the fund is $2,222.30. Plaintiff conceded on the trial before me that this amount represents a reasonable charge for the treatment provided to Dorothy Ratcliffe.

On April 11, 12 and 13, 1973 the United States filed tax liens in the proper state offices against Dorothy Ratcliffe d/b/a Ratcliffe Rest Home, for unpaid withholding, social security and unemployment taxes. Pursuant to 26 U.S.C. § 6321, plaintiff acquired a lien ". . . upon all property and rights to property, whether real or personal" belonging to the taxpayer-debtor, except for special situations not relevant here. Liens imposed by § 6321 arise at the time the assessment is made, 26 U.S.C. §§ 6322, 6323. Government Exhibits 5 through 8 reveal that the two assessments involved here were made on March 29, 1973 and April 10, 1973, after the hospital liens had been filed.

Under the principles established in *United States v. City of New Britain,* 347 U.S. 81, 84, 74 S.Ct. 367, 369, 98 L.Ed. 520, 525 (1954), and reaffirmed in *United States v. Pioneer American Ins. Co.,* 374 U.S. 84, 83 S.Ct. 1651, 10 L.Ed.2d 770 (1963) and in *United States v. Equitable Life Assur. Soc. of the U. S.,* 384 U.S. 323, 86 S.Ct. 1561, 16 L.Ed.2d 593 (1966), as against a filed federal tax lien, the relative priority of a perfected state lien is determined by the traditional rule "first in time is first in right." The federal statutes cited do not purport to give priority in all cases to liens created under the paramount authority of the United States. Where the lien created by state law is both specific, i. e., where it attaches to specific property, and perfected ". . . in the sense that there is nothing more to be done to have a choate lien—when the identity of the lienor, the property subject to the lien, and the amount of the lien are established" prior to the date that the federal tax lien arises, the state lien has priority. *United States v. City of New Britain,*

*supra*, 347 U.S. at p. 84, 74 S.Ct. at p. 369, 98 L.Ed.2d at p. 525.

In this case it is clear that the hospital's lien is specific, since it attached to a specific fund, i. e., the proceeds of the settlement of the negligence action for personal injuries brought against Rockford Auto Service Co. by Dorothy Ratcliffe. N.Y. Lien Law § 189(2)(a)(ii). Furthermore, the hospital's lien was also perfected prior to the time the federal liens attached. Nothing more needed to be done to perfect it. Neither the tortfeasor nor attorney Hage could have compromised or collected the claim in derogation of the hospital's rights.

The hospital's lien was sufficiently choate to be entitled to priority over the federal tax lien, since it satisfied all three requirements of the test laid down in *City of New Britain, supra*. The identity of the lienor (The Faxton Hospital), the property subject to the lien (the proceeds of the lawsuit against Rockford Auto Service Co.), and the amount of the lien ($2,222.30), were all established by October 25, 1972. The Government's own evidence shows that the federal tax lien did not attach until the assessments were made in March and April of 1973.

The Government's reliance on *In re Walton's Estate*, 20 A.D.2d 386, 247 N.Y.S.2d 21 (1st Dept. 1964), is misplaced. In that case the United States made an assessment for unpaid income taxes on July 6, 1956 and filed its notice of lien on March 4, 1958. Walton, the taxpayer-debtor, did not enter the hospital until March 20, 1958. The Court held that the pre-existing tax lien of the United States had attached to Walton's right to action as soon as it arose and was thus senior to the hospital's lien, since the latter could not have arisen until later, when Walton had been admitted to the hospital and some services rendered.

The crucial distinction between that case and the one presently before the Court is that here the cause of action arose and the taxpayer received hospital care over one year prior to the time that the tax lien first came into existence. The facts are thus precisely the opposite of the situation in *Walton*, and applying the exact same legal principle of first in time, first in right, this Court reaches the opposite result, and finds the hospital lien senior to the tax lien.

The United States also seeks to rely upon the hospital's admission that it has taken no action to enforce its lien in any court of record pursuant to N.Y. Lien Law § 189(10). There are two difficulties with this position. First, subsection 10 states only that the lien *may* be enforced and not that it must be enforced. Under state law, the enforcement of a lien is an entirely separate question from perfection, and the failure to enforce a lien by turning it into a judgment does not make that lien any less perfected. As a practical matter, nothing need be done by the hospital, since a tortfeasor settling in derogation of its rights and within ten years after filing would pay twice. *St. Luke's Hospital v. Consolidated Mutual Ins. Co.*, 32 Misc.2d 657, 217 N.Y.S.2d 843 (1961). Second, and more importantly, the Supreme Court has made it clear in the cases cited above that the question of whether a competing state lien is perfected, is to be determined by examining the choateness of the state lien under the standards enunciated in *City of New Britain*. Since there can be no doubt that the hospital lien here meets those federal standards in all respects, and that in this context subsection 10 merely provides the hospital with a method of enforcing a lien which is already choate under those standards, that subsection is of no help to plaintiff. New York courts regard a hospital lien as choate. *Rivera v. Hellman*, 45 Misc.2d 891, 258 N.Y.S.2d 25 (1965).

The Faxton Hospital is entitled to recover judgment out of the fund in the amount of $2,222.30, and the balance shall be paid to the United States in partial satisfaction of Dorothy Ratcliffe's tax lien.

The Clerk of this Court shall prepare and enter final judgment in compliance with Rule 58(1), F.R.Civ.P.