OPINION OF THE COURT
Harold Fertig, J.
Plaintiff, a duly licensed physician, commenced this suit setting forth two causes of action. The first cause of action against defendant, Lawrence Davis, seeks to recover moneys for medical services rendered to defendant Davis. The second cause of action, and the one with which this court is primarily concerned, seeks to recover from defendant, Ralph Rubel, *94 moneys pursuant to an alleged lien asserted by the plaintiff against defendant.
The credible evidence adduced at trial reveals that defendant, Lawrence Davis, was involved in an automobile accident on or about May 7, 1972. At the time of the accident Mr. Davis was 10 years old. Mr. Davis subsequent to the accident was taken to Mary Immaculate Hospital where he was treated by plaintiff who was a staff physician.
At the trial plaintiff alleged that Mr. Davis’ mother, Mary S. Davis, executed on August 22, 1972, an "authorization for payment of physician’s fee by attorney”. Plaintiff further contends that the authorization was sent to Mr. Rubel on or about September 4, 1972, along with certain medical reports which had been requested by Mr. Rubel. Plaintiff’s copy of the typewritten cover letter which was sent with the medical reports in question has a handwritten statement above plaintiff’s signature stating "lien enclosed”. However, defendant’s copy of the letter, which Mr. Rubel introduced into evidence does not have the handwritten statement that the lien was enclosed.
Mr. Davis’ action was settled for $10,000 and resulted in an infant’s compromise order dated April 18, 1973. The order provided for Mr. Rubel’s fee in the amount of $3,000; a payment of $2,500 to the New York City Department of Social Services for hospital treatment and the balance of $4,500 was recovered by the infant plaintiff and was to be held in trust until he reached the age of 21.
This court finds that although he was told about Dr. Rafiy’s claim for services prior to the compromise order, Mr. Rubel did not receive a copy of the authorization for payment until after the compromise order had been prepared and signed. In fact, it appears that it was almost one year after the settlement of Mr. Davis’ action that Mr. Rubel received a copy of the authorization.
The discussion between the parties prior to the settlement of the infant’s action was not a novation extinguishing the original debt and comes within the Statute of Frauds (Healy v Brotman, 96 Misc 2d 386). Since there is no lien, common-law or statutory, for a doctor’s medical services (Marsh v La Marco, 75 Misc 2d 139), the plaintiff’s claim is limited to the assignment in question.
Clearly, since plaintiff failed to establish that Mr. Rubel had written notice of the assignment, prior to the compromise, *95 plaintiff cannot recover (Brinkman v Moskowitz, 38 Misc 2d 950).
Notwithstanding the fact that defendant Rubel did not have timely written notice of the assignment, this court is troubled by the cause of action which was asserted against Mr. Rubel.
The authorization for payment upon which plaintiff based his cause of action against Mr. Rubel was a form prepared by the plaintiff/physician and executed by Mrs. Davis. This form authorizes "attorney Mr. Ralph Rubel of 2900 Hempstead Turnpike, Levittown, N. Y. 11756 to deduct and pay over to my doctor aforementioned the sum of $780 out of any money that may become payable by reason of the claim, suit or settlement brought to recover damages”.
Mr. Rubel, who represented the injured individual, to whom the medical services had been rendered, is not entitled to the moneys from any award or settlement other than that portion which represents his fee. In any event, the attorney’s lien has priority over any lien of a hospital or physician (Rivera v Hellman, 45 Misc 2d 891) and the statutory hospital lien or any assignment of claim is subject and subordinate to the lien of the attorney (Abbondola v Kawecki, 177 Misc 122). Those moneys recovered are the property of the plaintiff, in this case an infant represented by his mother.
The court is of the opinion that even if an attorney has such notice for authorization for payment, he still would not be liable to a physician who has secured from a patient/plaintiff such an authorization since clearly an attorney representing such a patient/plaintiff is not a debtor within the meaning of Brinkman v Moskowitz (supra) or Continental Purch. Co. v Van Raalte Co. (251 App Div 151) which the court in Brink-man relied upon. In a settlement of a personal injury action such as this, the true debtor would appear to be the defendant in the underlying action. It is the defendant, Davis, who owes plaintiff a debt not Davis’ attorney, and the assignment should have been an assignment of the proceeds of the settlement from Davis’ defendant or that defendant’s insurance company in the underlying action (see Goldwater v Mendelson, 170 Misc 422, 424, 425), and such assignment should be of these proceeds and served on that debtor.
In the present case, Mr. Rubel received his fee, the Department of Social Services had their statutory lien satisfied and the balance was directly deposited in a bank in trust for the infant plaintiff. Under these facts Mr. Rubel clearly is not a *96 debtor of Mr. Davis. To hold otherwise would mean that the attorney, whose lien is prior, must pay out of his lien the assignment to the physician, resulting in the physician’s assignment taking priority over the attorney’s lien.
The physician clearly is entitled to his fee but must recover it from the patient since no written notice of the assignment was apparently given to the defendant or his insurance carrier in the underlying case. In the present case, while this court finds Mr. Rubel not to be liable, Mr. Davis, to whom the services were provided, would be liable. However, since Mr. Davis was not served in the instant matter and Mr. Rubel appeared only pro se, the court has no jurisdiction of the defendant Davis. Accordingly, judgment is rendered in favor of the defendant.