The **BOARD OF TRUSTEES OF CLARK MEMORIAL HOSPITAL, Appellant–Plaintiff,**

v.

**Timothy W. COLLINS, and State Farm Fire and Casualty Company, Appellees–Defendants.**

No. 10A01–9512–CV–386.

Court of Appeals of Indiana.

June 6, 1996.

Rehearing Denied Aug. 6, 1996.

---

Sandra L. Heeke, Rick E. Bartlett, Smith, Bartlett, Heeke, Carpenter & Lewis, Jeffersonville, for Appellant.

John B. Drummy, Rodney L. Scott, Kightlinger & Gray, Indianapolis, for Appellees.

N. Kent Smith, Hall, Render, Killian, Heath & Lyman, Indianapolis, Amicus Curiae.

## OPINION

ROBERTSON, Judge.

The Board of Trustees of Clark Memorial Hospital [Hospital] appeals the summary judgment entered against it on its claim against the State Farm Fire & Casualty Company based on a hospital lien held by the Hospital to secure payment of the bill incurred by Co–Defendant Timothy W. Collins. The Indiana Hospital Association has filed an Amicus Curiae brief in support of the Hospital. The Hospital raises two issues, which we consolidate for review. Restated, the dispositive issue which requires that we reverse and remand for trial is:

whether the Hospital had a valid Hospital Lien upon proceeds paid by State Farm to Collins for the personal injuries suffered in an automobile accident in Kentucky?

## FACTS

The facts in the light most favorable to the nonmovant Hospital reveal that in late 1993, State Farm's insured, Wilma L. Thomas, a Kentucky resident, was involved in an automobile accident in Kentucky with Timothy W. Collins, another Kentucky resident. The State Farm policy was purchased in Kentucky for a car registered and garaged in Kentucky. Collins, who was represented by Kentucky attorneys, filed a claim against Thomas with a State Farm Claim Office in Kentucky. Negotiations regarding Collins' claim took place in Kentucky.

In April of 1994, Collins received surgical treatment at the Hospital in Indiana for an injury to his shoulder that he had sustained in the accident with Thomas. The Hospital filed a "Sworn Statement and Notice of Intention to Hold Hospital Lien" to secure the unpaid balance of its bill in an amount of slightly over $10,000.00 in the Indiana county where the Hospital is located as provided under the Hospital Lien Act, Ind.Code 32–8–26–1 et seq. The Hospital specifically provided notice to Collins and his insurance carrier (not State Farm). The Hospital had not specifically provided notice to State Farm, nor its insured, Thomas, as persons potentially responsible for Collins' bill because Collins had not so informed the Hospital. The Hospital did file the lien with the Indiana Department of Insurance as provided by I.C. 32–8–26–4(b)(3) and (c)(3) as notice to insurance companies doing business in Indiana. State Farm is authorized to do business in Indiana under I.C. 27–1–3–20.

In the negotiations with State Farm, Collins had asserted that his bill from the Hospital represented part of his damages in his claim against Thomas. Thus, State Farm was aware that Collins had received treatment from the Hospital. On June 21, 1994, State Farm settled Collins' claim by paying $25,000.00 directly to Collins and his attorney.

Collins did not pay his Hospital bill and the Hospital's lien was never released. In

fact, the Hospital had been unable to locate Collins. State Farm could have easily discovered the existence of Hospital's lien by inquiring with the Indiana Department of Insurance. Additional facts are supplied as necessary.

## DECISION

Summary judgment is appropriate only if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C); *Great Lakes Chemical Corp. v. International Surplus Lines Insurance Co.*, 638 N.E.2d 847, 849 (Ind.Ct.App.1994). In reviewing a motion for summary judgment, this court must determine whether there is a genuine issue of material fact and whether the law has been correctly applied by the trial court. *Cloverleaf Apartments, Inc. v. Town of Eaton*, 641 N.E.2d 665, 667 (Ind.Ct.App.1994). A trial court's grant of summary judgment is "clothed with a presumption of validity," and the appellant bears the burden of demonstrating that the trial court erred. *Rosi v. Business Furniture Corp.*, 615 N.E.2d 431, 434 (Ind.1993).

Indiana's Hospital Lien statute provides:

Every [hospital], shall be entitled to hold a lien for the reasonable value of its services or expenses on any judgment for personal injuries rendered in favor of any person or persons ... admitted to any such hospital and receiving treatment, care, and maintenance on account of said personal injuries received as a result of the negligence of any person or corporation.

I.C. 32–8–26–1. In order to perfect a hospital lien, the hospital shall, within 180 days after the patient is discharged, file a verified statement in the recorder's office in the county where the hospital is located, stating, among other things:

to the best of the hospital's knowledge, the names and addresses of anyone claimed by the patient or by the patient's legal representative to be liable for damages arising from the illness or injury.

I.C. 32–8–26–4(a)(5). Also:

(b) Within ten (10) days from the filing of the statement, the hospital shall send a copy by registered mail, postage prepaid:

(1) to each person claimed to be liable because of the illness or injury at the address given in the statement;

(2) to the attorney representing the patient if the name of the attorney is known or with reasonable diligence could be discovered by the hospital; and

(3) *to the department of insurance as notice to insurance companies doing business in Indiana.*

(c) Filing a claim under [this Act] is notice to all persons, firms, limited liability companies, or corporations who may be liable because of the illness or injury if those persons, firms, liability companies, or corporations:

(1) received [actual notice as prescribed herein].

(2) reside or have offices in a county where the lien was perfected or in a county where the lien was filed in the recorder's office ...; or

(3) *are insurance companies authorized to do business in Indiana under I.C. 27–1–3–20.*

I.C. 32–8–26–4 (Emphasis added). The purpose of the Hospital Lien Act is to insure that hospitals are compensated for their services by giving the hospital a lien, charge, security, or incumbrance upon any action, compromise or settlement later obtained by the patient. *Community Hospital v. Carlisle*, 648 N.E.2d 363, 365 (Ind.Ct.App.1995) (Relying on *National Insurance Association v. Parkview Memorial Hospital*, 590 N.E.2d 1141, 1144–45 (Ind.Ct.App.1992)). The *Parkview* court also described the Hospital Lien as a "specific interest" and a "direct right" in insurance proceeds paid to the patient by the person claimed to be liable for the patient's injuries or that person's agent. *Id.* By allowing hospitals direct interests in funds collected by personal injury patients, the statute furthers the important policy of reducing the amount of litigation that would otherwise be necessary to secure repayment of the health care debts. *Carlisle*, 648 N.E.2d at 365, *Parkview*, 590 N.E.2d at 1144–45.

■ While not specifically attacking the constitutionality of the Hospital Lien Act,

State Farm argues that Indiana lacks the authority to create a lien upon property located in Kentucky. State Farm points out that causes of action are personal property. *Shideler v. Dwyer*, 275 Ind. 270, 417 N.E.2d 281, 288 (1981), and that the legal situs of intangible personal property is the domicile of its owner, citing 16 *Am.Jur.2d, Conflict of Laws*, § 25. State Farm cites much authority, including *United States v. City of New Britain, Connecticut*, 347 U.S. 81, 85, 74 S.Ct. 367, 370, 98 L.Ed. 520 (1954), for the proposition that a state law may only create a lien upon property within its boundaries and may not reach beyond its state line to fasten its lien upon other property. Thus, State Farm reasons that since 1) the automobile accident which gave rise to Collins' cause of action against State Farm's insured, Thomas, took place in Kentucky, 2) both Collins and Thomas were Kentucky residents, 3) the State Farm policy was issued in Kentucky, and 4) the negotiations and settlement took place in Kentucky, there is no property within Indiana to be executed upon in the enforcement of the Hospital lien.

■ Notwithstanding the use of the term "lien," a hospital lien is not actually a "lien," but instead is an action authorized by statute based on an implied contract or quasi contract. *Goldwater v. Mendelson*, 170 Misc. 422, 8 N.Y.S.2d 627, 631 (1938). The use of the term "lien" detracts from the essentials of the cause of action authorized by such legislation. *Id.* Thus, a court need not have the equity jurisdiction ordinarily necessary for the enforcement of a lien to enforce a hospital lien. *Id.*

As noted above, the interest created by Indiana's Hospital Lien Act has been described as a lien, charge, security, incumbrance, specific interest, and direct right of the Hospital with respect to any insurance settlement later obtained by the patient. *Carlisle*, 648 N.E.2d at 365; *Parkview*, 590 N.E.2d at 1144. Therefore, we hold that the interest created by Indiana's Hospital Lien Act is merely a legal right which may appropriately be enforced against an insurance company doing business in Indiana.

■ State Farm next argues that the Hospital Lien Act does not create a cause of action against the insurer of the person claimed to be liable for the damages incurred by the patient. State Farm points out that I.C. 32–8–26–6(b) provides that the Hospital lienholder is entitled to recover for the reasonable value of the patient's care, treatment, and maintenance after the settlement of a claim with a patient "by a person claimed to be liable for the damages incurred by the patient." State Farm notes that Collins could not have sued State Farm directly, citing *Martin v. Levinson*, 409 N.E.2d 1239, 1243 (Ind.Ct.App.1980).

State Farm acknowledges that this precise question was decided adversely to its position in *Parkview*, 590 N.E.2d 1141, but asserts that our decision was erroneous. In *Parkview*, we held that the hospital could appropriately obtain a judgment against the insurance company noting:

> Any other holding would make the notice provisions to [insurance companies] useless. To the contrary, we believe our legislature, to insure that hospitals are compensated for their services and thereby serve the public welfare, intended to bind [insurance companies] if they ignore the lien when settling a claim.

590 N.E.2d at 1144. We agree with the holding of *Parkview*. Presumably, the patient is already legally responsible for his hospital bill. To interpret the Hospital Lien Act as not creating a direct cause of action against an insurance company would, in large part, render the entire Act useless.

■ Finally, the Hospital argues the trial court erred by not awarding summary judgment in its favor. However, State Farm sufficiently demonstrated (through evidentiary material appropriate to summary judgment proceedings) the existence of genuine issues of material fact regarding 1) whether the Hospital satisfied the requirements of I.C. 32–8–26–4(a)(5), (b)(1), and (b)(2), as set out above, when it had failed to provide actual notice to Thomas or her insurer (State Farm) as persons potentially liable to Collins for his injuries [1], and 2) whether the treat-

---

1. The Act requires that, in order to perfect its     lien, a hospital must employ reasonable diligence

ment Collins received at the Hospital was necessitated by the accident with Thomas. State Farm had submitted business records regarding its evaluation of Collins' claim which indicated that Collins' rotator cuff injury, for which he received surgery at the Hospital, was a condition caused by an earlier accident and pre-existed the accident with Thomas.

Accordingly, neither State Farm nor the Hospital was entitled to summary judgment, and we must reverse and remand for trial.

Judgment reversed.

NAJAM and RUCKER, JJ., concur.

(or perhaps as asserted by the Amicus Curiae, "best efforts") in discovering the identity of the tortfeasor and the patient's attorney and providing such persons actual notice. However, the language of the Act implies that the Hospital must do more than merely rely upon the standard information provided by the patient upon admission. Whether a hospital could have, with the exercise of reasonable diligence, discovered and provided notice to the tortfeasor and the patient's attorney will ordinarily be questions of fact for the fact-finder.