**COMMUNITY HOSPITAL,**
Appellant–Defendant,

v.

**Jerrie CARLISLE, as Parent and Natural Guardian of Phillip Hill, a Minor, and Jerrie Carlisle, individually, Appellees–Plaintiffs.**

No. 45A03–9403–CV–128.

Court of Appeals of Indiana.

March 13, 1995.

David T. Rolland, Highland, for appellant.

Barry D. Sherman & Joseph P. Allegretti, Sherman & Allegretti, Hammond, for appellees.

## OPINION

HOFFMAN, Judge.

Appellant-defendant Community Hospital appeals from the grant of appellees-plaintiffs Jerrie Carlisle and Phillip Hill's (collectively plaintiffs) motion for summary judgment in an action for determination of the proper distribution of settlement proceeds pursuant to the Hospital Lien Statute, IND.CODE § 32-8-26-3 (1988 Ed.).

The trial court found the following facts to be undisputed. On July 13, 1992, Phillip Hill was a passenger in a car involved in an automobile collision with Carl Matthews. Matthews was insured by State Farm Insurance Company (State Farm). Hill was admitted to Community Hospital on July 13, 1992, and remained there until July 16, 1992. The amount of the resulting hospital bill was $4,713.35. $3,713.35 is currently due.

On July 30, 1992, Community Hospital filed with the Lake County Recorder's office its hospital lien for the amount of its bill. Community Hospital sent a copy of the lien to State Farm and to plaintiffs.

State Farm paid plaintiffs $26,250.00 in settlement of the claim. This amount reflected a 25% reduction based upon the comparative fault of Roger Carlisle, Hill's stepfather and driver of the car involved in the collision.

The Lake Superior Court later reduced Community Hospital's lien by 25% under the Indiana Comparative Fault Act, IND.CODE § 34-4-33-12 (1990 Supp.); by 1/3, the amount owing to plaintiffs' attorney for his fee; and by other pro rata costs under the Hospital Lien Statute. *See* IND.CODE § 32-8-26-3. Thereafter, in July 1993, Community Hospital filed a complaint in the trial court objecting to the reduction of its lien. Plaintiffs moved for summary judgment once more seeking reduction of Community Hospital's lien by the above amounts. The trial court granted summary judgment in plaintiffs' favor on the issue of reduction of the lien by the amount of attorney's fees. However, finding *National Ins. Association v. Parkview Memorial Hospital* (1992), Ind. App., 590 N.E.2d 1141 (hospital lien not subject to reduction under Indiana Comparative Fault Act) to be controlling, the trial court refused to apply the Comparative Fault Act to further reduce the lien. This appeal ensued.

Community Hospital presents one issue on appeal which we restate as: whether the trial court erred in reducing its hospital lien by the amount of plaintiffs' attorney's fees and costs.

IND.CODE § 32-8-26-3, commonly referred to as the Hospital Lien Statute, provides, in pertinent part:

**"Lien for reasonable and necessary charges upon any claims accruing to patient; scope of lien; allowance to patient**

Sec. 3. (a) A person, firm, partnership, association, limited liability company, or corporation maintaining a hospital in the state, or a hospital owned, maintained, or operated by the state or a political subdivision has a lien for all reasonable and necessary charges for hospital care, treatment, or maintenance of a patient (including emergency ambulance services provided by the hospital) upon any cause of action, suit, or claim accruing to the patient, or in the case of the patient's death, the patient's legal representative, because of the illness or injuries that:

(1) gave rise to the cause of action, suit, or claim; and

(2) necessitated the hospital care, treatment, or maintenance.

(b) *The lien:*

(1) except as provided in subsection (c), applies to any amount obtained or recov-

ered by the patient by settlement or compromise rendered or entered into by the patient or by the patient's legal representative;

(2) *is subject and subordinate to any attorney's lien upon the claim or cause of action;* ... and ...

(5) must first be reduced by the amount of any medical insurance proceeds paid to the hospital on behalf of the patient after the hospital has made all reasonable efforts to pursue the insurance claims in cooperation with the patient.

(c) *If a settlement or compromise that is subject to subsection (b)(1) is for an amount that would permit the patient to receive less than twenty percent (20%) of that amount if all of the liens created under this chapter were paid in full, the liens must be reduced to a pro rata basis to the extent that will permit the patient to receive twenty percent (20%) of that amount."*

(Emphasis added.)

Community Hospital argues IND.CODE § 32–8–26–3 requires a hospital lien to be subordinate and subject to an attorney's lien only where the settlement proceeds are insufficient to pay all claims upon the fund. Plaintiffs disagree. They contend the unambiguous language of the statute mandates that a hospital lien is to be reduced by the amount of attorney's fees in all cases.

■ The underlying purpose of the Hospital Lien Statute is to "insure that hospitals are compensated for their services," *National Ins.*, 590 N.E.2d at 1144. This purpose is effected by giving a hospital a "lien" or "charge or security or incumbrance upon ..." any action, compromise or settlement later obtained by the patient. *Id.*

■ By allowing health care providers direct interests in funds collected by personal injury patients, the statute furthers the important policy of reducing the amount of litigation that would otherwise be necessary to secure repayment of the health care debts. Further, by expressly allowing attorneys to collect their fees before satisfaction of all other liens, *see* IND.CODE § 32–8–26–3(b)(2), the statute addresses yet another practical problem created by personal injury accidents. That is, personal injury patients who are unable to pay for medical services are also potentially unlikely to be able to afford attorneys to pursue the very claims that would ultimately pay their bills.

■ As a practical matter, the problem is resolved through routine use of the contingency fee arrangement. Generally, under such an arrangement, attorneys are reimbursed for their services only if monies are obtained on behalf of their clients. Thus, the contingency fee arrangement in conjunction with the favored status given attorney's fees under IND.CODE § 32–8–26–3(b)(2) helps to insure that such personal injury claims are pursued. The secondary status of the hospital lien is justified because while not a party to the action, hospitals benefit from attorneys' efforts in securing the funds to which their "liens" attach.

The statute recognizes, at minimum, a third competing interest in the fund. Specifically, IND.CODE § 32–8–26–3(c) guarantees to the personal injury patient at least 20% of the original settlement proceeds making the patient's claim, up to this amount, superior to any other interest.

■ Where settlement, compromise or other proceeds are sufficient to pay all interested parties, rules regarding order of payment serve no useful function. A problem arises only where funds are insufficient to meet all claims. To address the conflict, the statute provides that it is only where,

"(c) [the] settlement ... is for an amount that would permit the patient to *receive less than twenty percent (20%) of that amount if all the liens created under this chapter were paid in full ..."*

that the liens "*must* be reduced on a pro rata basis to the extent that will permit the patient to receive twenty percent (20%) of th[e] [settlement] amount." IND.CODE § 32–8–26–3(c). (Emphasis added.) No support exists within the statute for the reduction of hospital liens by the amount of attorney's fees and costs as a matter of course in all cases. In fact, as Community Hospital points out, to do so would undermine the purpose of the statute.

In the present case, the undisputed facts disclose the original settlement to be $26,250.00. Community Hospital's lien is $3,713.35. Plaintiffs further designated a $1,000.00 medical subrogation lien, attorney's fees in the amount 1/3 of the settlement proceeds, and $330.20 in costs.

After all relevant reductions, it is evident no danger exists that plaintiffs will receive less than 20% of the original settlement proceeds. As all parties will receive their fair shares under the statute without invoking the rules subordinating the hospital lien to plaintiffs' attorney's fees under subsection (b)(2) and costs under subsection (c), there is no logical reason to apply the rules to this case. The trial court erred in doing so. Accordingly, the decision of the trial court is reversed.

Reversed.

STATON and RILEY, JJ., concur.