**James F. STEPHENS, and David L. Weiss, Appellants–Defendants,**

v.

**PARKVIEW HOSPITAL, INC., Appellee–Plaintiff.**

No. 02A03–0009–CV–313.

Court of Appeals of Indiana.

March 26, 2001.

James F. Stephens, Avilla, IN, Attorney for Appellants.

Christine M. Stach, Dennis F. Dykhuizen, Rothberg Logan & Warsco, Fort Wayne, IN, Attorneys for Appellee.

## OPINION

BAKER, JUDGE

Appellants-defendants James F. Stephens and David L. Weiss (collectively, the appellants), appeal the trial court's entry of summary judgment in favor of appellee-plaintiff Parkview Hospital, Inc. (Parkview). Specifically, they contend that the trial court erred in granting Parkview's motion when the hospital admitted that it did not perfect its lien in accordance with the notice provisions of the Hospital Lien Act.[1] Parkview cross-appeals, claiming that the trial court was obligated to award prejudgment interest and attorney fees with respect to the lien.

### FACTS

In July 1998, Weiss sustained serious injuries as the result of a motorcycle/car accident in Dekalb County that also involved Terry McDonald. After the accident, Weiss was transported to Parkview where he stayed and received treatment from July 16, 1998, until August 15, 1998.

Parkview filed a hospital lien against Weiss on September 15, 1998, in the amount of $45,175.81, for treatment that was rendered during his hospital stay. Parkview recorded the lien on September 24, 1998, and sent notice of the lien to Weiss, the Indiana Department of Insurance, McDonald and his insurance company, State Farm, and to attorney Thomas Kimbrough. When the notices were sent, representatives of Parkview believed that Kimbrough was legal counsel for Weiss. Thereafter, Parkview learned that Kimbrough actually represented McDonald, the driver of the automobile, and that Stephens was counsel for Weiss in his cause of action against McDonald. Thus, Parkview did not send a copy of the lien notice to Stephens. While Stephens had actual knowledge of the lien, he protested in correspondence to Parkview that he did not believe that the lien had been properly perfected.

Stephens was ultimately able to negotiate a settlement on behalf of Weiss, which State Farm paid. Parkview was not named as a payee on the settlement check. In July 1999, Parkview's counsel contacted Stephens and demanded payment of the hospital bill. When payment was not received, Parkview initiated a cause of action against Stephens, Weiss and State Farm in an effort to enforce its lien in the amount of $45,175.81, plus attorney fees and costs. Parkview also requested that the trial court award it prejudgment interest. In response, the appellants filed a counterclaim against Parkview, asserting that its cause of action against them with regard to the lien was frivolous and constituted bad faith. Record at 54. Thus, they requested that the trial court award them expenses, attorney fees and costs as a result of Parkview's bad faith in bringing its cause of action.

On September 22, 1999, Parkview filed a motion for summary judgment against Weiss, Stephens and State Farm, claiming that there were no genuine issues of material fact with respect to the lien. Specifically, Parkview urged that it was entitled to judgment as a matter of law because: 1) the lien was valid; 2) Weiss had received a settlement payment from State Farm in an amount sufficient to satisfy the amount of the lien; and 3) that amount had not been paid to the hospital. In response, Stephens and Weiss filed a motion for summary judgment on October 25, 1999, where they alleged entitlement to judgment because Parkview failed to perfect its lien and the hospital did not comply with the

---

1. IND. CODE §§ 32–8–26–1 to 8.

notice requirements set forth in the Hospital Lien Act.

Following a hearing on the summary judgment motions, the trial court entered an order on May 31, 2000, granting Parkview's motion as to Stephens and Weiss with respect to the amount of the lien. It also declined to award any amount to Parkview for prejudgment interest or its request for attorney fees. The trial court also denied the appellants' summary judgment motion. Weiss and Stephens now appeal, and Parkview cross-appeals, requesting that the summary judgment denying its claim for prejudgment interest and attorneys' fees be reversed.

## DISCUSSION AND DECISION

### I. Standard of Review

In reviewing the trial court's grant of summary judgment, this court stands in the shoes of the trial court, applying the same standards in deciding whether to affirm or reverse summary judgment. *Smith v. Allstate Ins. Co.*, 681 N.E.2d 220, 223 (Ind.Ct.App.1997). We do not weigh evidence, but will liberally construe the facts in the light most favorable to the nonmoving party. *GMC v. Northrop Corp.*, 685 N.E.2d 127, 132 (Ind.Ct.App. 1997), *trans. denied.* Summary judgment should be granted only when the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). On appeal, we must determine whether there is a genuine issue of material fact and whether the law has been correctly applied by the trial court. *City of Elkhart v. Agenda: Open Gov't, Inc.*, 683 N.E.2d 622, 625 (Ind.Ct.App.1997), *trans. denied.* The party appealing the grant of summary judgment has the burden of persuading this court on appeal that the trial court's ruling was improper. *Jordan v. Deery*, 609 N.E.2d 1104, 1107 (Ind. 1993).

### II. The Appellants' Claims

Stephens and Weiss assert that the trial court erred in granting summary judgment in Parkview's favor because it failed to properly perfect its lien. Specifically, the appellants maintain that the judgment cannot stand because Parkview did not comply with the strict requirements of the Hospital Lien Act when it did not send notice of the lien to Stephens.

To resolve this issue, we begin our discussion with the relevant provisions of the Hospital Lien Act, I.C. § 32–8–26–4:

> In order to perfect [a hospital lien], the hospital shall file for record in the office of the recorder of the county in which the hospital is located, within one hundred eighty (180) days after the person is discharged, a verified statement in writing stating:
>
> . . . .
>
> (5) to the best of the hospital's knowledge, the names and addresses of anyone claimed by the patient or by the patient's legal representative to be liable for damages arising from the illness or injury.
>
> (b) Within ten (10) days from the filing of the statement, the hospital shall send a copy by registered mail, postage prepaid:
>
> (1) to each person claimed to be liable because of the illness or injury at the address given in the statement;
>
> (2) *to the attorney representing the patient if the name of the attorney is known or with reasonable diligence could be discovered by the hospital.*

(Emphasis supplied).

In construing the provisions of this statute, this court has determined that the primary objective of the Hospital Lien Act is to insure that hospitals are compen-

sated for their services by giving the hospital a lien, charge, security, or encumbrance upon any action, compromise or settlement later obtained by the patient. *Bd. of Trustees of Clark Mem. Hosp. v. Collins,* 665 N.E.2d 952, 954 (Ind.Ct.App. 1996), *trans. denied.* The hospital lien is an action authorized by statute based on an implied contract or quasi-contract. *Id.* at 955. By allowing hospitals a direct interest in funds that are collected by personal injury patients, the Act furthers the important policy of reducing the amount of litigation that would otherwise be necessary to secure repayment of the health care debts. *Id.* at 954. Moreover, this lien is subject and subordinate to any attorney's lien upon the claim or cause of action. I.C. § 32–8–26–3(b)(2).

█ In support of their position that summary judgment was improperly granted to Parkview, the appellants point to our decision in *Collins,* where this court noted that the determination of whether a hospital could have, with the exercise of reasonable diligence, discovered and provided notice to the tortfeasor and the patient's attorney ordinarily remain questions of fact. *Collins,* 665 N.E.2d at 955–56 n. 1. While we agree with such rationale, it is our view that yet another inherent purpose of the Hospital Lien Act is to ensure that legal counsel for the patient has notice of the lien.

Here, the undisputed evidence shows that Stephens had actual knowledge of Parkview's lien. R. at 76, 128. Even though Parkview may have operated under the mistaken belief that Kimbrough was the proper legal representative that should have been served with notice, the appellants have given no indication that a settlement was reached in the personal injury action upon some reliance that a lien did not exist. Put another way, neither Weiss nor Stephens have demonstrated any prej-udice as a result of Parkview's oversight. Thus, because Stephens knew of the lien, notwithstanding Parkview's failure to provide him with notice, together with the absence of any prejudice to Weiss or Stephens, we cannot say that the entry of summary judgment in Parkview's favor was erroneous.

### III. Parkview's Cross Appeal

Parkview asserts on cross-appeal that, while the trial court properly granted summary judgment with respect to the amount of the lien that was owed, the trial court erred in denying its request for prejudgment interest and attorney fees. Thus, Parkview requests that we remand this cause to the trial court with instructions that it amend the judgment to include amounts for prejudgment interest and attorney fees.

### A. Prejudgment Interest

█ In addressing Parkview's claim for prejudgment interest, we note that IND. CODE § 24–4.6–1–103 provides that "interest at the rate of eight percent (8%) per annum shall be allowed ... from the date an itemized bill shall have been rendered and payment demanded on an account stated." The test for determining whether an award of prejudgment interest should be made is whether the injury and consequent damages are complete and may be ascertained as of a particular time. *Washington County Mem'l Hosp. v. Hattabaugh,* 717 N.E.2d 929, 933 (Ind.Ct.App. 1999). When the plaintiff's loss is complete and ascertainable as of a time certain, plaintiff's damages can be computed with reasonable precision. Thus, prejudgment interest must be awarded to fully compensate the plaintiff. *Id.* at 933–34. Moreover, the amount of a hospital statement is *prima facie* proof of the amount owed on the account. *Id.* at 933.

Here, Parkview presented evidence showing that its loss was complete and ascertainable. Specifically, Parkview set forth its damage claim in the amount of $45,175.81 as indicated in the lien that was dated September 15, 1998. Moreover, there is no showing that the amount of interest on this amount could not be calculated with reasonable precision. As a result, the trial court erred in denying Parkview's request for prejudgment interest.

### B.  Attorney Fees

■ Parkview also maintains that the trial court erred in denying its request for an award of attorney fees. Specifically, it contends that the trial court was obligated to award such fees because the appellants litigated the matter in bad faith and presented a frivolous defense to Parkview's lien claim.

In support of its claim, Parkview directs us to the provisions of IND. CODE § 34–52–1–1(b):

In all civil actions, a prevailing party is entitled to an award of attorneys' fees as costs if the other party:

(1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;

(2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or

(3) litigated the action in bad faith.

■ We note that the trial court's decision to grant or deny attorney fees will not be disturbed absent an abuse of discretion. *Venture Enters., Inc. v. Ardsley Dist. Inc.*, 669 N.E.2d 1029, 1033 (Ind.Ct. App.1996). When the trial court determines that attorney fees were not warranted under the statute permitting the award of attorney fees for bringing or pursuing a frivolous claim, we will review that conclusion *de novo. Tipton v. Roerig,* 581

N.E.2d 1279, 1282 (Ind.Ct.App.1991). Next, we note that a claim is litigated in bad faith for the purposes of this statute if the party presenting the claim is affirmatively operating with furtive design or ill will. *Fisher v. Estate of Haley,* 695 N.E.2d 1022, 1029 (Ind.Ct.App.1998).

■ We also note that Parkview is appealing from a negative judgment, inasmuch as the trial court had denied its request for attorney fees. Thus, we will not reverse the judgment of the trial court unless it is contrary to law. *Pepinsky v. Monroe County Council,* 461 N.E.2d 128, 135 (Ind.1984). This court will set aside a negative judgment as contrary to law only when the evidence is without conflict and all reasonable inferences to be drawn therefrom lead to but one conclusion and the trial court has reached a different one. *Beneficial Mortgage Co. v. Powers,* 550 N.E.2d 793, 795 (Ind.Ct.App.1990), *trans. denied.*

As set forth above, the appellants presented designated evidence showing that Parkview had not strictly complied with the Hospital Lien Act requirements. Even though their arguments have not persuaded us to reverse the trial court's grant of summary judgment, we cannot say that the claim was frivolous or that the appellants litigated their defense to the lien claim in bad faith. The facts as presented supported the defense that Parkview had relied upon, and Parkview has not pointed to any evidence in the record indicating that the appellants possessed any dishonest or furtive state of mind that should have warranted the imposition of attorney fees. Thus, there was no error with respect to this issue.

### CONCLUSION

In light of the disposition of the issues set forth above, we conclude that the trial court properly entered summary judgment

in Parkview's favor. We note, however, the prejudgment interest with respect to the lien amount should also have been awarded. Next, we conclude that the trial court did not err in denying Parkview's request for attorney fees. However, we are compelled to remand to the trial court for consideration of whether or not the appellants are entitled to offset the amount of the lien together with accrued interest or attorney fees pursuant to I.C. § 32–8–26–3(b)(2).

Affirmed in part, reversed in part and remanded with instructions that the trial court calculate and award prejudgment interest to the hospital and for other proceedings consistent with this opinion.

BROOK and BARNES, JJ., concur.