Kevin C. TANKERSLEY, Appellant–Defendant,

v.

PARKVIEW HOSPITAL, INC., Appellee–Plaintiff.

No. 02A03–0106–CV–184.

Court of Appeals of Indiana.

Jan. 28, 2002.

Daniel S. Tankersley, Winamac, IN, Attorney for Appellant.

Christine M. Stach, Susan E. Trent, Rothberg Logan & Warsco, Fort Wayne, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Kevin C. Tankersley appeals the trial court's grant of partial summary judgment[1] in favor of Parkview Hospital, Inc. ("Parkview") on Parkview's claim to enforce a hospital lien. The following issue is dispositive of our review:

Whether the trial court erred as a matter of law when it found that Tankersley, an attorney, was liable under the Indiana Hospital Lien Act ("Act")[2] for his client's medical expenses despite the fact that Parkview did not send notice of the lien to Tankersley,[3] and he did not otherwise receive actual notice.

We reverse.

### FACTS AND PROCEDURAL HISTORY

In May 1998, Walter Phillips was injured in an automobile accident and received medical care at Parkview, incurring approximately $39,000 in charges. Parkview filed a claim for payment of those charges with Phillips' insurance company, which denied the claim because Phillips was not covered.[4] In the meantime, Phillips hired an attorney, Tim Isaacs, to represent him in a personal injury action against the driver of the other vehicle involved in the accident.

On July 2, 1998, Parkview filed a hospital lien under the Act and served copies of the lien by certified mail on Phillips and his wife, the other driver and his insurance company, Mid–Century Insurance Company ("Mid–Century"), and attorney Isaacs. But unbeknownst to Parkview, on July 1, 1998, Phillips had executed a written fee agreement hiring Tankersley to represent him. Isaacs received notice of the lien on July 7, 1998. About three weeks later, on July 27, 1998, Parkview discovered that

---

1. The parties characterize the proceedings below as one for partial summary judgment because at the time that Parkview filed its motion Tankersley was not the only defendant.

2. See Ind.Code §§ 32–8–26–1 through 6.

3. Tankersley also argues that: (1) under the Act an attorney cannot, as a matter of law, be held responsible to pay an outstanding hospital lien against his client, and (2) Parkview

failed to perfect its lien when it failed to make reasonable efforts to satisfy the debt through Phillips' insurance carrier. However, because we conclude that the lack of notice to Tankersley absolves him of responsibility for the lien, we need not address those remaining arguments.

4. Neither the parties nor the record explain why Phillips' insurance company denied coverage.

Isaacs no longer represented Phillips. Neither Phillips nor Isaacs informed Tankersley about Parkview's lien, and the case file that Isaacs sent to Tankersley did not disclose the lien. A full year later, in July 1999, Tankersley settled Phillips' claim against the other driver for $35,000. Tankersley kept $8,750 to cover his fees and paid the remainder to Phillips. Tankersley did not pay any of the settlement proceeds to Parkview.

Parkview filed an action against Tankersley, Phillips, and Mid–Century to recover the amount of its lien. Parkview later moved for partial summary judgment against Tankersley.[5] After a hearing, the trial court granted Parkview's motion for partial summary judgment. This appeal followed.

## DISCUSSION AND DECISION

Summary judgment is appropriate only if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C). In reviewing a grant of summary judgment, this court stands in the shoes of the trial court and applies the same applicable standard. *Progressive Constr. and Eng'g. Co., Inc. v. Indiana and Michigan Electric Co., Inc.*, 533 N.E.2d 1279, 1282 (Ind.Ct.App.1989). We will affirm a grant of summary judgment if sustainable on any theory found in the evidence designated to the trial court. *Jacques v. Allied Bldg. Servs. of Indiana*, 717 N.E.2d 606, 608 (Ind.Ct.App.1999)

When the movant's affidavits and other evidence demonstrate the lack of a genuine issue, the burden shifts to the opposing party to demonstrate the existence of a genuine issue for trial. *Id.* Any doubt about the existence of a factual issue should be resolved against the movant, with all properly asserted facts and reasonable inferences construed in favor of the nonmovant. *Schrader v. Eli Lilly & Co.*, 639 N.E.2d 258, 261 (Ind.1994). The party appealing the grant of a motion for summary judgment bears the burden of persuading this court that the trial court erred. *Foster v. Evergreen Healthcare, Inc.*, 716 N.E.2d 19, 23–24 (Ind.Ct.App. 1999), *trans. denied.*

Tankersley contends that the trial court erred when it granted partial summary judgment to Parkview. Specifically, Tankersley maintains that he cannot, as a matter of law, be held liable for satisfying Parkview's hospital lien because he had no notice of the lien when Phillips' personal injury case was settled. We must agree.

Indiana Code Section 32–8–26–3 provides that all private or state-run hospitals have "a lien for all reasonable and necessary charges for hospital care, treatment, or maintenance of a patient ... upon any cause of action, suit, or claim accruing to the patient[.]" The purpose of the Act is to insure that hospitals are compensated for their services by giving the hospital a lien, charge, security, or encumbrance upon any action, compromise or settlement later obtained by the patient. *Board of Trs. of Clark Mem'l Hosp. v. Collins*, 665 N.E.2d 952, 954 (Ind.Ct.App. 1996). The lien acts as a "specific interest" and a "direct right" in insurance proceeds paid to the patient by the person claimed to be liable for the patient's injuries or that person's agent. *Id.* By allowing hospitals a direct interest in funds collected by personal injury patients, the Act furthers the important policy of reduc-

---

5. Parkview also filed for summary judgment against Phillips and Mid–Century. However, the trial court discharged Phillips after he filed for bankruptcy, and Parkview settled with Mid–Century for $15,000.00 before the summary judgment hearing.

ing the amount of litigation that would otherwise be necessary to secure repayment of the health care debts. *Id.*

In order to collect, however, a hospital must first perfect its lien. Indiana Code Section 32–8–26–4 provides in part:

(a) In order to perfect the lien . . . the hospital shall file for record in the office of the recorder of the county in which the hospital is located, within one hundred eighty (180) days after the person is discharged, a verified statement in writing stating:

(1) the name and address of the patient as it appears on the records of the hospital;

(2) the name and address of the operator of the hospital;

(3) the dates of admission and discharge of the patient from the hospital;

(4) the amount claimed to be due for the hospital care; and

(5) to the best of the hospital's knowledge, the names and addresses of anyone claimed by the patient or by the patient's legal representative to be liable for damages arising from the illness or injury.

(b) Within ten (10) days from the filing of the statement, the hospital shall send a copy by registered mail, postage prepaid:

(1) to each person claimed to be liable because of the illness or injury at the address given in the statement;

(2) *to the attorney representing the patient if the name of the attorney is known or with reasonable diligence could be discovered by the hospital;* and

(3) to the department of insurance as notice to insurance companies doing business in Indiana.

(emphasis added).

■ The interpretation of a statute is a question of law reserved for the courts. *State v. Rans,* 739 N.E.2d 164, 166 (Ind.Ct. App.2000), *trans. denied.* We review questions of law under a de novo standard and owe no deference to a trial court's legal conclusions. *Id.* When a statute is clear and unambiguous on its face, we may not interpret the statute. *Parkview Hosp., Inc. v. Roese,* 750 N.E.2d 384, 386 (Ind.Ct.App.2001). Rather, words are to be given their plain, ordinary, and usual meaning unless a contrary purpose is clearly shown by the statute itself. *Id.*

Parkview contends that a properly perfected lien serves "notice to the world" of its direct right to settlement or judgment proceeds. That statement is incorrect. The lien operates only against those persons and entities identified in the statute. Under section (b)(2), to perfect the lien against Phillips' attorney, Parkview was required to send a copy of the lien to that attorney, using reasonable diligence to discover his name and address. Parkview contends that it perfected its lien when it mailed a copy of the lien to Isaacs, but when notice was delivered to Isaacs by registered mail on July 7, 1998, Isaacs was not Phillips' attorney. Neither Isaacs nor Phillips notified Tankersley about the lien. Even after Parkview had learned within the same month that Isaacs no longer represented Phillips, Parkview made no further inquiry or effort to identify and notify Tankersley. It was not until after Tankersley had settled the claim a full year later, in July 1999, that Parkview came forward and tried to enforce its lien.

■ One purpose inherent in the Act is to ensure that legal counsel for the patient has notice of the lien. *Stephens v. Park-*

*view Hosp., Inc.*, 745 N.E.2d 262, 266 (Ind. Ct.App.2001). But because Parkview did not send Tankersley notice of the lien, or use reasonable diligence in trying to notify him, it did not perfect its lien under sections (a) and (b) as against Tankersley.

Parkview maintains that notice to Isaacs was constructive notice to Tankersley and that Tankersley should have honored the lien. Instead, not only did Parkview not perfect notice of its lien as against Isaacs, who no longer represented Phillips, but notice to Isaacs cannot be imputed to Tankersley, as there was no agency relationship between them. *See Douglas v. Monroe*, 743 N.E.2d 1181, 1186 (Ind.Ct.App.2001) (discussing elements of agency). Parkview's constructive notice argument also ignores the language in Indiana Code Section 32–8–26–4(c) that describes the specific circumstances under which a person or entity may receive constructive notice of a hospital lien:

> (c) *Filing a claim under subsections (a) and (b) is notice to all persons, firms, limited liability companies, or corporations who may be liable* because of the illness or injury if those persons, firms, limited liability companies, or corporations:
>
> > (1) receive notice under subsection (b);
> >
> > (2) reside or have offices in a county where the lien was perfected or in a county where the lien was filed in the recorder's office as notice under this subsection; *or*
> >
> > (3) are insurance companies authorized to do business in Indiana[.]

(emphases added).[6] Parkview concedes that Tankersley did not receive notice of the lien under subsection (1). Further, subsection (2) does no apply because, while Parkview perfected and filed its hospital lien in Allen County, Tankersley's law firm is located in Pulaski County. And Tankersley is not an insurance company under subsection (3). Serving notice of the lien on a former attorney does not constitute notice on a subsequent attorney, and we will not extend the plain language of this statute to reach such a result. The legislature clearly and unambiguously prescribed specific notice requirements in Indiana Code Section 32–8–26–4. It is well settled that when certain items or words are specified or enumerated in a statute, then by implication, other items or words not so specified or enumerated are excluded. *Campbell v. State*, 716 N.E.2d 577, 579 (Ind.Ct.App.1999). While section (c) may accomplish constructive notice under certain circumstances, it does not impute notice to an attorney who has not been served under subsection (b) and who does not otherwise have actual notice. *See Stephens*, 745 N.E.2d at 266. Without more, notice to one attorney does not constitute notice to a second or subsequent attorney who represents the patient.

## CONCLUSION

The Hospital Lien Act places the burden on the hospital to perfect its lien, not on the attorney representing the patient. The hospital bears the risk of loss when it fails to notify the patient's attorney or to exercise reasonable diligence to discover the name of the attorney. Parkview failed to perfect its lien as against Tankersley

---

6. We acknowledge this court's recent decision in *Stephens v. Parkview Hosp., Inc.*, 745 N.E.2d 262, 266 (Ind.Ct.App.2001), in which we held the patient's attorney liable under the Act despite the fact that he did not receive proper notice of the lien. In that case, however, the attorney had *actual* knowledge of the lien, and the statute's goal of notifying interested parties, and indeed the language of section (c)(1), would have been undermined had we held otherwise.

under sections (a) and (b) of Indiana Code Section 32–8–26–4. And Tankersley did not receive notice of the lien under section (c) or otherwise have actual knowledge of the lien. Therefore, the trial court erred as a matter of law when it found Tankersley liable to Parkview under the Act and entered partial summary judgment in favor of Parkview.

Reversed.

BAKER, J., concurs.

MATTINGLY–MAY, J., concurs in result with separate opinion.

**MATTINGLY–MAY, Judge, concurring in result with separate opinion.**

I agree with the majority that summary judgment in favor of Parkview was improper in this case. In light of 1) the unusual timing of Phillips' retention of Tankersley and Parkview's filing of its lien, 2) Parkview's knowledge shortly thereafter that there had been a change in Phillips' counsel, and 3) Parkview's failure to act despite that knowledge, I must agree that Parkview failed to perfect its lien.

However, I write separately to address my concern over what constitutes constructive or actual notice to a plaintiff's attorney of a hospital lien. The majority relies in large part on Ind.Code § 32–8–26–4(c), which addresses constructive notice of hospital liens. The majority correctly notes that a hospital's claim filed under the statute is notice to "all persons . . . who may be liable because of the illness or injury." *Id.* The majority goes on to state that the lien operates only against those persons and entities identified in the statute. It then determines the lien was not perfected as against Tankersley because the hospital did not mail notice to Tankersley, *id.* § (c)(1), Tankersley did not reside or have his office in the county

where the lien was perfected, *id.* § (c)(2), nor was he an insurance company, *id.* § (c)(3).

The majority appears to assume that the requirements of section 4(c) must be satisfied if the filing of a hospital lien is to serve as constructive notice to a plaintiff's attorney. I believe that assumption is incorrect, and I would decline to interpret section 32–8–26–4(c) to include a plaintiff's attorney in the category of "persons . . . who may be liable because of the illness or injury."

First, it is not apparent that the plain meaning of the phrase "persons . . . who may be liable because of the illness or injury" would encompass the category of plaintiffs' attorneys. Furthermore, the statute itself explicitly indicates plaintiffs' attorneys and "persons . . . who may be liable" are separate categories. Section (b)(2) requires the hospital to send a copy of the lien statement to persons in three distinct categories: 1) the persons "claimed to be liable because of the illness or injury"; 2) the attorney representing the patient, if the hospital knows or could discover with reasonable diligence the attorney's name; and 3) the department of insurance. It is therefore apparent that the legislature intended not to include the patient's attorney in the category of "persons . . . who may be liable because of the illness or injury."

Although a plaintiff's attorney is not included in the statutory category of "persons . . . who may be liable" and for whom specific notice requirements are set forth, I believe the hospital's lien, had it been filed while Isaacs was still Phillips' attorney and served on Isaacs, might well have served as constructive notice to Tankersley. We noted generally in *Keybank Nat. Ass'n v. NBD Bank,* 699 N.E.2d 322, 327 (Ind.Ct.App.1998) that constructive notice

is provided when a deed or a lien (there, in the form of a mortgage) is properly acknowledged and placed on the record as required by statute.

We further stated that "actual notice may be implied or inferred from the fact that the person charged had means of obtaining knowledge which he did not use. Whatever fairly puts a reasonable, prudent person on inquiry is sufficient notice to cause that person to be charged with actual notice, where the means of knowledge are at hand and he omits to make the inquiry from which he would have ascertained the existence of a deed or mortgage. Thus, the means of knowledge combined with the duty to utilize that means equates with knowledge itself." *Id.*

There may occasionally be situations like the one before us where an attorney does not receive a mailed copy of a hospital lien statement. I cannot, however, envision a situation where an attorney representing a personal injury plaintiff would be unaware that his or her client had received medical treatment from a hospital, would not know where the treatment had been administered, would not know the county where the hospital was located, and would be totally unfamiliar with the concept of a hospital lien.

I would not exclude plaintiffs' attorneys from the category of "reasonable, prudent persons." Rather, I believe plaintiffs' attorneys are required to operate at the same levels of reasonableness and prudence as must all other persons. Accordingly, I believe a responsible plaintiff's attorney is obliged, as part of the case settlement process, to determine whether any hospital liens have been filed and to ensure they are dealt with.

However, as the majority notes, Parkview had notice that it had not properly perfected its hospital lien, yet it failed to act. Under these unique circumstances, I must agree with the majority that summary judgment in favor of Parkview was improper.