Kevin C. TANKERSLEY, Appellant (Defendant below),

v.

PARKVIEW HOSPITAL, INC., Appellee (Plaintiff below).

No. 02S03–0207–CV–00396.

Supreme Court of Indiana.

June 30, 2003.

Daniel S. Tankersley, Winamac, IN, Attorney for Appellant.

Christine M. Stach, Susan E. Trent, and Dennis F. Dykhuizen, Rothberg, Logan, & Warsco, LLP, Fort Wayne, IN, Attorneys for Appellee.

SHEPARD, Chief Justice.

The Hospital Lien Act requires hospitals to place an attorney on notice that a lien has been filed for services rendered. This case presents the question whether such a lien, perfected as to a patient's original lawyer, is effective against a subsequent lawyer who did not receive actual notice of it and distributes settlement funds without paying the hospital. We find that it is.

## Facts and Procedural History

Walter Phillips was injured in an automobile accident and received treatment at Parkview Hospital from May 16, 1998, to June 4, 1998. While hospitalized, Phillips hired the law firm of Glaser & Ebbs where Tim Isaacs handled the personal injury claim. Isaacs later informed Phillips that he might not be able to handle the case because of a conflict of interest.

Phillips incurred some $39,000 in medical expenses while at Parkview. Parkview filed a claim for payment with Sagamore Insurance Company, which was denied outright.[1] On July 2, 1998, Parkview Hos-

---

1. The insurance company denied the claim because it stated the patient was excluded

pital then filed a hospital lien in the Allen County Recorder's Office against Phillips for outstanding unpaid bills. Parkview served Phillips, his wife, another person involved in the accident, the tortfeasor and his insurance company, and attorney Isaacs, and it mailed a copy of the lien to the insurance company, all on July 6th. (Appellant App. at 119, 150–51.)

Unbeknownst to Parkview, Phillips had changed lawyers in the meantime. He signed a fee agreement with attorney Kevin Tankersley on July 1, 1998. By July 27th, Parkview's attorneys had notice that Isaacs was no longer Phillips' lawyer.

Tankersley requested a copy of Phillips' personal injury file from Isaacs. Tankersley later sent a second request for Phillips' file and learned that Isaacs was no longer employed at Glaser and Ebbs. Another attorney, Gregg Smith, agreed to forward the file to Tankersley. Smith sent portions of the file and later informed Tankersley that he was still collecting information to send, but never sent the complete file.

Despite repeated attempts, Tankersley never recovered the entire file. The portion of the file that Tankersley received did not contain a notice of the lien. Since he asserted that he did not know of the hospital lien statute, Tankersley did not research the Allen County Recorder's Office for any outstanding liens.

On July 23, 1999, Tankersley settled Phillips' personal injury claim against the tortfeasor with Mid–Century Insurance Company for $35,000. The proceeds went to Tankersley, who retained his contingency fee of $8,000 and distributed the remainder to Phillips.

The hospital lien was not paid, and Phillips had outstanding medical bills that exceeded $80,000. At the time of remittance, Tankersley did not have actual knowledge of the hospital lien. Parkview initiated suit against Tankersley, Phillips, and the insurance company. Phillips eventually discharged his debt through bankruptcy.

Mid–Century settled with Parkview for $15,000 and was dismissed from the action. The trial court subsequently granted Parkview's motion for partial summary judgment against attorney Tankersley on the issue of liability. The Court of Appeals reversed. It held that Parkview failed to perfect its lien, and Tankersley did not have actual or constructive notice of the lien. *See Tankersley v. Parkview Hospital,* 761 N.E.2d 886, 890–91 (Ind.Ct.App. 2002). It reasoned the hospital lien places the burden and the risk of loss on the hospital, not the attorney, to ensure the lien is perfected. *See id.* at 890. We granted transfer.

 **Standard of Review.** When reviewing a grant of summary judgment, we use the same standard as the trial court: whether the pleadings and evidence demonstrate that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Ambassador Fin. Servs. v. Indiana Nat'l Bank,* 605 N.E.2d 746 (Ind.1992); Ind. Trial R. 56(C). We construe the pleadings, affidavits, and designated materials in a light most favorable to the non-movant, *Miller by Miller v. Memorial Hospital of South Bend, Inc.,* 679 N.E.2d 1329 (Ind. 1997), and give careful scrutiny to assure that the losing party is not improperly prevented from having its day in court. *Landmark Health Care Assoc. L.P. v. Bradbury,* 671 N.E.2d 113 (Ind.1996).

from the insurance plan. At the time of the accident, Phillips, categorized as a habitual traffic offender, had a lifetime driver's license suspension, and his blood alcohol level was twice the legal limit. (Appellant Br. at 5; Appellant App. at 42.)

The party moving for summary judgment must shoulder the burden of establishing the lack of a material factual issue. *Cowe v. Forum Group Inc.*, 575 N.E.2d 630 (Ind. 1991).

## I. Indiana Hospital Liens and Personal Liability

The Hospital Lien Act affords a hospital the right to impose a lien against any settlement paid to a patient or to cover charges for treatment rendered to a patient. Ind.Code Ann. § 32–8–26–3 (Michie 1995).[2] To perfect the lien, the hospital must file a statement containing the patient's name, dates of treatment, amount of the claim, and the names and addresses of one who is claimed by the patient or the patient's legal representative who will be liable for damages that arise from the injury in the county where the hospital is located. Ind.Code Ann. § 32–8–26–4(a) (Michie 1995). The code further provides:

(b) Within ten (10) days from the filing of the statement, the hospital shall send a copy by registered mail, postage prepaid:

(1) to each person claimed to be liable because of the illness or injury at the address given in the statement;

(2) *to the attorney representing the patient if the name of the attorney is known or with reasonable diligence could be discovered by the hospital;* and

(3) to the department of insurance as notice to insurance companies doing business in Indiana.

Ind.Code Ann. § 32–8–26–4(b) (emphasis added).

■■■ We properly subject a de novo analysis of review to questions of law and owe no deference to the trial court's determinations of such questions. *Anthem Insurance Companies, Inc. v. Tenet Healthcare Corporation*, 730 N.E.2d 1227 (Ind. 2000). An unambiguous statute must be held to mean what it plainly expresses, and its plain and obvious meaning may not be enlarged or restricted. *Indiana Department of State Revenue v. Horizon Bancorp*, 644 N.E.2d 870 (Ind.1994). Nothing may be read into the statute that is not within manifest intention of the legislature as gathered from the statute itself. *Id.*

■■■ The underlying purpose of the act is to "[e]nsure that hospitals are compensated for their services." *National Insurance Association v. Parkview Memorial Hospital*, 590 N.E.2d 1141, 1144 (Ind.Ct. App.1992). Where the settlement is insufficient to pay all interested parties, however, the statute provides that attorney fees will be paid first and the liens "must be reduced on a pro rata basis to the extent that will permit the patient to receive twenty percent (20%) of the original settlement proceeds of the settlement amount." *Community Hospital v. Carlisle*, 648 N.E.2d 363, 365 (Ind.Ct.App.1995).

Another purpose of the Hospital Lien Act is to provide notice of the lien to attorneys. *Stephens v. Parkview*, 745 N.E.2d 262, 266 (Ind.Ct.App.2001). Tankersley contends that an attorney could not be held personally liable for violating the Hospital Lien Statute. He further states that if an attorney is held liable, the hospital lien is inferior to all claims for attorney fees under Ind.Code Ann. § 32–8–26–2, and the patient must receive at least twenty percent (20%) of the settlement under Ind.Code Ann. § 32–8–26–3. Tankersley supports this argument with *Carlisle*, 648

**2.** The legislature recodified the Hospital Lien Act with P.L. 2–2002, Sec. 128. The new code referring to Hospital Lien statutes is Ind.Code Ann. §§ 32–33–4–1 through 32–33–4–8 (West 2002).

N.E.2d at 365, in which the Court of Appeals observed that the effort of a claimant's lawyer frequently benefits the hospital. The hospital in *Carlisle* had argued that it should be paid in full before the lawyer received fees. The Court of Appeals held that the hospital's lien was subject to the share of the attorney's fees.

Just as the hospital was wrong in contending that all of its debt got paid first, Tankersley is wrong that a holder of the funds subject to a hospital lien may dispense them without regard to the lien. As Phillips' legal representative, Tankersley was responsible to pay the lien before dispensing any funds to Phillips and himself.

Tankersley argues even if he is responsible for a portion of the proceeds, attorneys' fees precede the lien, and Phillips is entitled to at least twenty percent (20%) of the settlement. We will direct the trial court on remand to examine this contention in light of today's decision.

## II. Knowledge and Perfection of the Lien

■ The Court of Appeals held that the hospital failed to perfect its lien under the Hospital Lien Act because Tankersley did not have notice of the lien. *See Parkview,* 761 N.E.2d at 891.

A properly perfected hospital lien serves the world on notice of a hospital's direct right to settlement or judgment. Ind. Code Ann. § 32–8–26–4(c) (Michie 1995). Indiana Code Ann. § 32–8–26–4(b)(2) requires the hospital to send a copy of the lien by registered mail to the *attorney representing the patient if the name of the attorney is known or with reasonable dili-*

gence could be discovered by the hospital. At the time the hospital filed its lien and sent copies, it thought that Isaacs was the attorney because he handled previous issues with Phillips on the personal injury claim in dispute. Isaacs apparently *had* been Phillips' attorney until just the day before the filing. While other facts might suggest the need for the hospital to search for a new attorney when it previously corresponded with one attorney as the legal representative, we conclude that Parkview perfected its lien for medical treatment rendered to Phillips.[3]

Parkview's lien was not rendered invalid because it did not later send another copy to Tankersley when it became aware that Isaacs was no longer Phillips' attorney. The statute requires the hospital to give notice to the current attorney, not subsequent or future legal representatives. To place such a burden on the hospital exceeds the scope of the statute.

Moreover, the object of regimes for recording liens in a public office is to provide notice to persons who did not receive an actual copy or who enter the scene after the pertinent mechanical events have been completed. As Judge Mattingly–May observed, attorneys representing personal injury plaintiffs who have received medical treatment at a hospital would customarily expect that the recorder's office in the county where the hospital is located will reflect the existence of a lien. *Parkview,* 761 N.E.2d at 892 (concurring opinion). We therefore find that Tankersley had constructive knowledge and that the lien is effective against him.[4]

---

3. Had Parkview received notice that Tankersley was Phillips' new legal representative prior to sending the notice of the lien, for example, it would have failed to meet the statutory requirement.

4. The extent to which Tankersley, upon any payment to Parkview, may be entitled to recoup from Phillips, Isaacs, or Glaser & Ebbs is, of course, not presented by the case in its present posture.

## Conclusion

In sum, we reverse the trial court's grant of summary judgment and remand to the trial court to determine the distribution of funds between Tankersley, Parkview Hospital and Phillips in compliance with Ind.Code Ann. § 32–8–26–4.

SULLIVAN and BOEHM, JJ., concur.

DICKSON, J., dissents with separate opinion in which RUCKER, J. concurs.

DICKSON, Justice, dissenting.

I dissent, believing that the Court of Appeals was correct. *See Tankersley v. Parkview Hospital, Inc.,* 761 N.E.2d 886, 890–91 (Ind.Ct.App.2002).

The majority opinion today acknowledges that "[a]n unambiguous statute must be held to mean what it plainly expresses, and its plain and obvious meaning may not be enlarged or restricted." Maj. opin. at 204. That is precisely what the Court of Appeals did.

The Hospital Lien Act applicable to this case provided that the filing of a lien by a hospital:

> is notice to all persons, firms, limited liability companies, or corporations who may be liable because of the illness or injury if those persons, firms, limited liability companies, or corporations:
>> (1) receive notice under subsection (b);
>> (2) reside or have offices in a county where the lien was perfected or in a county where the lien was filed in the recorder's office as notice under this subsection; or
>> (3) are insurance companies authorized to do business in Indiana under IC 27–1–3–20.

Ind.Code § 32–8–26–4(c) (1998) (current version at I.C. § 32–33–4–4(c)(Supp.2002)). But Parkview did not send any notice to Tankersley, and he did not receive any notice. Tankersley and his firm are located in Pulaski County, not Allen County where the lien was filed, and Tankersley is not an insurance company. As a result, Parkview's lien did not constitute notice to Tankersley who had no actual knowledge of the lien. Applying the plain language of the statute, Parkview's lien was not effective as to Tankersley.

Because Parkview failed to perfect its lien as to Tankersley, I believe that Parkview is not entitled to summary judgment.

RUCKER, J., concurs.