# FOR PUBLICATION



ATTORNEYS FOR APPELLANT:

**DENNIS F. DYKHUIZEN**
**ALEXANDER J. PLATTE**
Rothberg Logan & Warsco LLP
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**BENJAMIN D. ICE**
**WILLIAM A. RAMSEY**
Murphy Ice & Koeneman LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PARKVIEW HOSPITAL, INC., | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.  02A04-1201-PL-5 |
| | ) | |
| GEICO GENERAL INSURANCE COMPANY, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Nancy Eshcoff Boyer, Judge
Cause No. 02D01-1004-PL-137

**September 24, 2012**

**OPINION - FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Parkview Hospital, Inc. ("Parkview"), in Allen County, Indiana, provided services to John G. Smith ("Smith"), purportedly related to injuries Smith had sustained in an automobile collision with Charles Gibbs ("Gibbs") in the State of Tennessee. Geico General Insurance ("Geico"), Gibbs' insurer, satisfied a Tennessee judgment in favor of Smith that arose from the collision, but no payment was made to Parkview. Parkview filed suit against Geico, claiming it had perfected a hospital lien upon the proceeds of Geico's payment to Smith, by its filing of a notice of intent with the Allen County Recorder. The Allen County Superior Court dismissed the claim, with prejudice, for lack of subject matter jurisdiction, and Parkview appealed. We affirm.

**Issue**

Parkview presents the issue of whether the Allen County Superior Court properly dismissed, for lack of subject matter jurisdiction, the lien impairment claim asserting entitlement to proceeds from a Tennessee judgment recovered by Smith.[1]

**Facts and Procedural History**

On March 15, 2007, Smith and Gibbs were involved in an automobile collision in Knoxville, Tennessee. On May 18, 2007, Smith underwent surgery at Parkview. On August 23, 2007, Parkview filed with the Allen County Recorder a "Sworn Statement of Intention to Hold Lien (Notice of Hospital Lien)" in the amount of $18,047.41. (App. 19.) The statement alleged that Gibbs and Geico were liable for damages arising from Smith's injury.

---

[1] The disposition of the instant litigation was by grant of a motion to dismiss, and we do not review Parkview's contentions with respect to a purported appeal of the December 9, 2010 interlocutory order.

2

Smith filed a complaint for damages against Gibbs in Knox County, Tennessee. Gibbs admitted liability but contested the amount of Smith's claimed damages. Smith contended that his medical bills attributable to the automobile accident were in excess of $40,000; Gibbs presented testimony that Smith suffered from pre-existing conditions necessitating his post-accident surgery. On July 29, 2009, a jury awarded Smith $22,000.00 (hereinafter, "the Tennessee Judgment"). Although Parkview had notified Geico of its filing with the Allen County Recorder, Parkview had entered no written notice on the judgment docket in Knox County, Tennessee of its intent to hold a lien upon the Knox County judgment. On August 24, 2009, Geico paid the Tennessee Judgment to Smith, without reduction for any claim by Parkview.

On April 5, 2010, Parkview filed a complaint in Allen Superior Court, Indiana, claiming that Geico owed Parkview $18,047.41 in satisfaction of a hospital lien for services to Smith "for his injuries as a result of the accident [with Gibbs.]" (App. 16.) According to Parkview, Geico "settled Smith's claim" in contravention of Indiana's Hospital Lien Act, Indiana Code Section 32-33-4-1, et. seq. ("the Act"). (App. 17.)

Geico answered the complaint, denying that Smith's treatment at Parkview was related to the March 15, 2007 collision, and asserting that the debt at issue was owed by Smith personally. The parties filed cross-motions for summary judgment. On December 9, 2010, the Allen Superior Court entered an interlocutory order denying Parkview attorney's fees, finding that Geico had not, by paying the Tennessee Judgment, waived its right to contest the lien claim, denying summary judgment to either party, and ordering the parties to mediation.

3

In March of 2011, the parties reported to the Allen Superior Court that mediation had failed. On August 12, 2011, Geico moved to dismiss Parkview's complaint, alleging that the Allen Superior Court lacked jurisdiction to modify the Tennessee Judgment or to extinguish Smith's property interest in the Tennessee Judgment. On December 6, 2011, the Allen Superior Court entered an order dismissing Parkview's claim, with prejudice, for lack of subject matter jurisdiction. This appeal ensued.

**Discussion and Decision**

Standard of Review

In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider not only the complaint and motion but also any affidavits or evidence submitted in support. GKN Co. v. Magness, 744 N.E.2d 397, 400 (Ind. 2001). Where, as here, the facts were not disputed in an evidentiary hearing, the question of subject matter jurisdiction is purely one of law, to be reviewed de novo. Id. at 401. There are two types of jurisdiction, subject matter jurisdiction and personal jurisdiction. K.S. v. State, 849 N.E.2d 538, 540 (Ind. 2006). Subject matter jurisdiction is the power of a court to hear and decide the general class of actions to which a particular case belongs. Id. When a court lacks subject matter jurisdiction, its actions are void ab initio and have no effect whatsoever. Allen v. Proksch, 832 N.E.2d 1080, 1095 (Ind. Ct. App. 2005).

An Indiana court obtains subject matter jurisdiction only through the Constitution or a statute. State v. Sproles, 672 N.E.2d 1353, 1356 (Ind. 1996). Subject matter jurisdiction cannot be waived or conferred by agreement and can be raised at any time. Santiago v.

4

Kilmer, 605 N.E.2d 237, 240 (Ind. Ct. App. 1992), trans. denied. Here, the parties dispute whether the Act confers jurisdiction upon the Allen Superior Court to adjudicate Parkview's claim of entitlement to proceeds from the Tennessee Judgment. Parkview claims that, because it perfected a lien pursuant to Indiana Code Section 32-33-4-4,[2] and Geico has filed no motion to quash or reduce the lien, Parkview is entitled to recover the entirety of its lien, without the necessity of Parkview having intervened or provided notice in the Tennessee proceedings.

We interpret a statute according to the ordinary and plain meaning of the language used, absent clearly manifested intent to do otherwise. Jacks v. State, 853 N.E.2d 520, 522 (Ind. Ct. App. 2006). Our primary goal is to ascertain and give effect to the intent of the legislature. U.S. Steel Corp. v. N. Ind. Pub. Serv. Co., 951 N.E.2d 542, 552 (Ind. Ct. App. 2011), trans. denied. The language of the statute itself is the best evidence of legislative intent, and we must give all words their plain and ordinary meaning unless otherwise indicated by the statute. Id. Moreover, we presume that the legislature intended statutory language to be applied in a logical manner consistent with the statute's underlying policies and goals. Id. We must read the statute as a whole and excessive reliance on a strict literal

---

[2] Indiana Code Section 32-33-4-4 provides in relevant part:
(a) To perfect the lien provided for in section 3 of this chapter, the hospital must file for record in the office of the recorder of the county in which the hospital is located, within one hundred eighty (180) days after the person is discharged, a verified statement in writing[.] . . .
(d) The filing of a verified statement under subsection (a) constitutes filing of a lien under section 1 of this chapter if the statement is filed before the issuance of the judgment.

meaning should be avoided. Jones v. Farmers Mut. Ins. Co., 926 N.E.2d 116, 121 (Ind. Ct. App. 2010).

"The purpose of the Hospital Lien Act is to insure that hospitals are compensated for their services by giving the hospital a lien, charge, security, or incumbrance upon any action, compromise or settlement later obtained by the patient." Bd. of Tr. of Clark Mem'l Hosp. v. Collins, 665 N.E.2d 952, 954 (Ind. Ct. App. 1996) (citing Community Hospital v. Carlisle, 648 N.E.2d 363, 365 (Ind. Ct. App. 1995)), trans. denied. The lien has been described as a "specific interest" and a "direct right" in insurance proceeds paid to the patient by the person claimed to be liable for the patient's injuries or that person's agent. Id. Notwithstanding the use of the term "lien," a hospital lien is not actually a "lien," but instead is an action authorized by statute based on an implied contract or quasi contract. Id. at 955. The interest created by the Act is "merely a legal right which may appropriately be enforced against an insurance company doing business in Indiana." Id. The Act creates a direct cause of action against an insurance company. Id.

Parkview claims that the Allen Superior Court had jurisdiction pursuant to the impairment provision of the Act, Indiana Code Section 32-33-4-6(b), providing in relevant part:

> The release or settlement of a claim with a patient by a person claimed to be liable for the damages incurred by the patient:
> (1)    After a lien has been perfected under section 4 of this chapter; and
> (2)    Without obtaining a release of the lien;
> Entitles the lienholder to damages for the reasonable cost of the hospital care, treatment, and maintenance.

The resolution of Smith's claim against Gibbs was not by release or settlement, but by the

6

Tennessee Judgment. Indiana Code Section 32-33-4-1 addresses the enforcement of a hospital lien against a judgment, and provides in pertinent part:

> A person, a firm, a partnership, an association, a limited liability company, or a corporation maintaining a hospital in Indiana or a hospital owned, maintained, or operated by the state or a political subdivision of the state is entitled to hold a lien for the reasonable value of its services or expenses on any judgment for personal injuries rendered in favor of any person … who is admitted to the hospital and receives treatment, care, and maintenance on account of personal injuries received as a result of the negligence of any person or corporation. <u>In order to claim the lien, the hospital must at the time or after the judgment is rendered, enter, in writing, upon the judgment docket where the judgment is recorded, the hospital's intention to hold a lien upon the judgment, together with the amount claimed</u>.

(emphasis added). Parkview did not enter, in writing, upon the Knox County, Tennessee judgment docket, its intention to hold a lien on the Tennessee Judgment. Whatever entitlement to payment Parkview may have had, its lien was not brought to the attention of the Tennessee court before judgment was rendered and, indeed, satisfied.

Parkview claims Geico impaired Parkview's lien by paying Smith $22,000, precisely complying with the Tennessee Judgment. Thus, the instant complaint presents a collateral challenge to the Tennessee Judgment. But the Act does not provide Parkview with the self-executing, expedient avenue for relief against Geico that Parkview seeks. Geico's liability arising from the March 15, 2007 automobile accident involving Geico's insured has been determined by a Tennessee court. Geico's insured was ordered to pay a judgment in a Tennessee court and Geico indemnified its insured. The Tennessee court had jurisdiction to enforce its judgment. See Peacock v. Thomas, 516 U.S. 349, 356 (1996) (recognizing that courts have the inherent power to enforce their own judgments).

7

The remedy Parkview seeks is recognition of a perfected lien, and attachment to a Tennessee judgment, without proof of causation and without prior notice upon the docket of that court. Although an Allen County, Indiana court can – pursuant to the Act – determine the amount Parkview is due from Smith personally on account of services provided to him, the Allen County court lacks jurisdiction to order a Tennessee judgment reinstated such that Parkview's hospital lien could attach.

In other words, an Indiana court may decide that Smith's personal liability for medical services is not extinguished, and there is an amount due and owing, but may not reinstate obligations of Gibbs or his insurer extinguished by compliance with the Tennessee Judgment. Indeed, Section 1 of the Act does not confer jurisdiction upon an Indiana court to entertain a "claim" of a hospital lien against a judgment unless the hospital has "enter[ed], in writing, upon the judgment docket where the judgment is recorded, the hospital's intention to hold a lien upon the judgment, together with the amount claimed."

In light of the foregoing, we affirm the dismissal of the claim against Geico.

Affirmed.

RILEY, J., and CRONE, J., concur.